JAMES BERGIN *vs.* JOHN J. WILLIAMS.

Worcester.    Sept. 30, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
                            absent.

If an oral contract is entered into, and, before any material part of it has been
    performed, it is reduced to writing, the oral contract is merged in the written
    contract.
Parol evidence is admissible to identify certain specifications referred to in a writ-
    ten contract to erect a building; and, when identified, they may be considered
    in connection with the contract on the issue whether the contract is void for
    uncertainty.

CONTRACT, against the archbishop of the diocese of Boston, for work done and materials found by the plaintiff in the erection of a Roman Catholic Church in East Cambridge, under a contract with one O'Brien, who was the parish priest. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*T. G. Kent*, (*H. E. Fales* with him,) for the plaintiff.

*C. J. McIntire*, (*G. A. Perkins* with him,) for the defendant.

W. ALLEN, J.    The ruling of the court, to the effect that, if the jury found that an oral contract was first made by the plaintiff and O'Brien, and, before any material part of it had been performed, it was reduced to the written contract referred to, the oral would be merged in the written contract, was right. It was immaterial whether the defendant was or was not liable as principal upon the oral contract. The parties to it had a right to supersede it by a written contract, and, if they did so, the oral may be said to have been merged in the written contract.

The written contract was not void for uncertainty. The plaintiff agreed with O'Brien, described as "pastor of St. John's R. C. Church, East Cambridge," to furnish and deliver on the premises in East Cambridge materials and labor " in the erection of the several works hereinafter mentioned ; " and to finish, " according to the drawings and specifications which are to be regarded as the descriptive part of this agreement, all the framing and boarding of roof and spire, all the galleries, tower, and belfry floors, all the galvanized iron and copper work, all the

slating, flashing, &c., and everything shown on the plans and described in the specifications," &c. The specifications, which were in evidence, were for materials and labor " in the erection of the roof, gallery floors, tower floors, and belfry arch, ceiling, wall and arch furring, spire, inside studded partitions, &c., of the new R. C. church now in process of erection at E. Cambridge, according to drawings by P. W. Ford, architect, 9 School St., Boston, Rev. John O'Brien pastor. The estimate will include all the framing and furring stock, roof boarding, the entire slating, flashing, galvanized iron-work, erecting snow-guards, tinning, painting, all the copper work, &c." It was also in evidence that the specifications were exhibited to the plaintiff before he made any contract for building the church; that, after examining them, he made an oral contract, and commenced work under it upon the church, and subsequently made the written contract in question, which was identical in terms with the oral contract. Evidence that the plaintiff used the specifications, and no other, in the construction of the church, and that no other were exhibited to or examined by him, and that all the materials and labor he furnished for the church were in accordance with them, though it may not have been necessary, was clearly competent to identify the specifications as those referred to in the writing. It is the same kind of evidence, that of the situation of the parties and of the subject matter, and the attending circumstances, which is generally necessary to identify persons and things mentioned in a writing.

*Exceptions overruled.*