ROSCOE NORWOOD & another *vs.* JENNIE G. LATHROP.

Worcester.    October 2, 1900. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

When a contractor agrees in writing to erect a building to the satisfaction of the agent of the owner of the land, and erects the building in substantial conformity with the contract but not to the satisfaction of the agent, he can recover on an account annexed the value added to the land by his work and materials, and in many cases this value may be ascertained by deducting from the contract price the amount of diminution of the value of the building by reason of the contractor's deviations from the contract.

A building contract contained a provision that "No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the owner, and when so made, the value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price." *Held*, that the contractor could recover for extra work done upon oral orders of the agent of the owner given with the owner's consent and authority, the requirement of a written order being waived.

The specifications of a building contract contained under the title "Iron Work" the following: "Provide and build in three ornamental balconies on front as shown, securely bolted to the wall, of the value of $300." The contractor sought to recover the price of the above described balconies as extra work performed outside of his contract, and offered to show that it was agreed by both parties when his contract was made, that the balconies should not be included in his estimate and that they were not included in the contract price, but that afterwards the owner changed his mind and ordered the balconies built. *Held*, that a ruling excluding this evidence was right, the offer of it being an attempt to vary the terms of a written contract by oral evidence. *Held, also*, that in a provision of the contract that the building was "to be completed according to the specifications and drawings (except such work as is reserved to be done by the owner) on or before" a certain day, the expression work "reserved to be done by the owner" meant work thus reserved by the specifications, and did not open the way to the introduction of oral evidence.

CONTRACT on a written building contract with a second count on an account annexed added by amendment. Writ dated September 14, 1898.

The case was heard in the Superior Court, by *Stevens, J.*, without a jury, upon an auditor's report. The judge found for the plaintiffs in the sum of $2,319.17, the same amount found due by the auditor; and both parties alleged exceptions. The exceptions and the material portions of the auditor's report are described in the opinion of the court.

*J. B. Scott*, for the defendant.

*M. M. Taylor*, for the plaintiffs.

LATHROP, J. This action was first brought upon a written contract for building a house for the defendant. The defendant filed an answer, and also a declaration in set-off, to which an answer was filed. The case was then sent to an auditor, who filed a report. On the case coming on for hearing before the court, the case was recommitted to the auditor, who filed a supplemental report. The plaintiffs filed an amendment to their declaration, by adding a second count on an account annexed, the account being the same as was annexed to the first count.

At the final hearing in the Superior Court, the court found

for the plaintiffs for the same amount allowed by the auditor, with interest, and both sides alleged exceptions.

The defendant's exceptions are confined to the refusal of the judge to give three requests for rulings, numbered 2, 5, and 6, respectively. The request numbered 2 is that upon the auditor's report the building was not constructed to the satisfaction of the agent of the defendant; and the plaintiffs cannot recover. While the contract provides that the contractor shall do the work and furnish the materials to the satisfaction of the defendant's agent, and the auditor has found that the materials were not furnished ·and the work done, to the satisfaction of such agent, he has also found that the plaintiffs erected ·the building in substantial conformity with the contract, specifications, and plans. For the purposes of the case we may assume that the plaintiffs cannot maintain an action upon the contract, but that does not prevent a recovery upon the common counts, *Gillis* v. *Cobe,* 177 Mass. 584, and cases cited, even if the defendant's agent was dissatisfied with the work and materials. The ruling requested was rightly refused.

The request numbered 5 is as follows: "That upon the pleadings and the evidence as reported the plaintiffs cannot recover for the contract price, nor any balance thereof as shown by items No. 1 to 11 in the declaration." The account referred to both in the count on the contract and in the second count on an account annexed began by charging the defendant with the contract price, and in the first seven items crediting her with materials furnished and cash paid, and striking a balance. Items 8, 9, 10 and 11 were charged to the defendant for certain materials and labor. This account was not allowed in full by the auditor, but the amount disallowed was less than $20.

The objection which the defendant now makes is that this was not a proper way for determining the amount the plaintiffs were entitled to recover. Although the true measure of damages where an action will not lie upon the contract, is the additional value to the land of the defendant by reason of the labor performed and the materials furnished by the plaintiffs, (see *Gillis* v. *Cobe, ubi supra,*) yet this value may in many cases be ascertained by deducting from the contract price what the house was worth less to the defendant by reason of the deviations from

the contract.  *Hayward* v. *Leonard*, 7 Pick. 181.  *Walker* v. *Orange*, 16 Gray, 193.  *Cardell* v. *Bridge*, 9 Allen, 355.  *Powell* v. *Howard*, 109 Mass. 192.  *Cullen* v. *Sears*, 112 Mass. 299. *White* v. *McLaren*, 151 Mass. 553.  *McCue* v. *Whitwell*, 156 Mass. 205, 207.  We see nothing in the facts found by the auditor to take the present case out of this rule.

The request numbered 6 is as follows: "That the bill of extras declared on is, by article 3 of the contract and by the pleadings, made a part of the contract, and if there can be no recovery on the contract as requested in No. 5, there cannot be on the bill of items numbered from 12 to 56."    Article 3 of the contract provides as follows: "No alterations shall be made in the work shown or described by the drawings and specifications, except upon a written order of the owner, and when so made, the value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price."

The auditor has found in his supplemental report that some of these items were furnished on written orders signed by the agent, and that certain other items which he has allowed were furnished upon oral orders of the agent, and that as to these all of them were made with the defendant's consent and authority; and that the defendant waived the requirement of a written order. As the judge followed the auditor in this respect, we see no ground for this exception.

The defendant took an appeal from the order recommitting the case to the auditor; but as to this no argument has been submitted to us, and we regard it as waived.

We come now to the plaintiffs' exceptions.    These relate to the refusal of the auditor and the court to include in the amount allowed for extras an item for $300 for three iron balconies.  By the terms of the specifications, under the title "Iron Work," the plaintiffs were to "provide and build in three ornamental balconies on front as shown, securely bolted to the wall, of the value of $300."    The exceptions state that this provision was never amended; and that the plaintiffs furnished and built in three iron balconies upon the front of the building.

The only ground upon which the plaintiffs contend that the item should have been allowed is the offer of evidence, excluded

by the court, that prior to and contemporaneously with the making of the contract, conversations were had between the plaintiffs and the defendant's agent and architect, who carried on the preliminary negotiations in her behalf, that the bid which the plaintiffs made did not include the balconies; that the defendant's agent and architect informed the plaintiffs that the defendant had not concluded whether to have them placed upon the building or not; that the furnishing of the balconies was to be an after consideration.

It seems to us very clear that the ruling of the judge excluding the evidence offered was right. It was simply an attempt to vary the terms of a written contract by oral evidence.

The chief contention of the plaintiffs, in support of the proposition that the evidence is admissible, is that article 6 of the contract shows that some work was reserved to be done by the owner; and that what this was would necessarily have to be shown by oral evidence. Article 6 provides: " The contractor shall complete the several portions, and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, the whole work and building is to be completed according to the specifications and drawings, (except such work as is reserved to be done by the owner) on or before " a day named.

There is nothing in the contract to show what work was reserved to be done by the owner. But we cannot assume that the specifications did not show this fact; and it may at least be said that they did show that the plaintiffs were to build the balconies.

It follows therefore that the exceptions of both the plaintiffs and the defendant must be overruled; and that the appeal of the defendant must be dismissed.

*So ordered.*