JOHN BURKE *vs.* PATRICK J. COYNE.

Middlesex.     January 18, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Mechanic's Lien. Contract,* Implied: common counts.

One who has furnished labor and materials for a building under an express contract with the owner, if he has failed to perform the contract substantially, cannot establish a lien under R. L. c. 197, for the value he has added to the real estate of the owner by the labor and materials he has furnished, as he could if he had performed the substance of the contract.

PETITION, filed March 26, 1902, under R. L. c. 197, to establish a lien to the amount of $698.37 on a three apartment house of the defendant on Holworthy Street in Cambridge for labor performed and materials furnished in doing the plumbing work for the building under a contract between the petitioner and the respondent requiring compliance with certain plans and specifications.

In the Superior Court the case was tried before *Bell,* J.   Seven issues to the jury were framed, the first three of which only are material to the exceptions.   Those issues with the answers of the jury were as follows:

"1. Did the petitioner and the respondent make a contract concerning the labor and materials mentioned in the petitioner's account, and if so, what was the amount of said contract?" "Yes, $698.37."

"2. Did the petitioner perform the contract?"   "No."

"3. If the petitioner did not perform his contract, what was the value of the labor and materials which he furnished?" "$625."

The judge construed the second issue to mean, "Did the petitioner substantially perform his contract," and on this point instructed the jury that if the petitioner had not performed his contract the law allowed him to recover something if he had acted in good faith, and that he was entitled to recover the value of his work to the owner of the property.

The judge ruled as stated in the opinion, and found for the petitioner in the sum of $625, "which was the amount the jury found that the petitioner's work had added to the value of the respondent's estate," and ordered that a lien be established and that an order of sale issue.   The respondent alleged exceptions.

*A. J. Daly & F. J. Carney,* for the respondent.

*J. H. Vahey, C. H. Innes & P. Mansfield,* for the petitioner.

BRALEY, J.   If the petitioner had fully performed the entire contract made with the respondent he could have established a lien for labor performed and for labor and materials furnished under it.   But the parties were at issue over this question. While the petitioner contended that he had fully carried out his agreement, the respondent contended that there had been a failure to substantially complete it in good faith, because of

a wilful variation from the plans and specifications in many particulars.

The issues framed to cover this dispute were not sufficiently full. ' For the distinction is apparent between a strict compliance, which was all that was covered by the language used in the second issue, and substantial completion in good faith of the contract. Apparently with the consent of the parties, the presiding judge attempted to cure this defect, and to read into the issue what it lacked to make clear and definite the real question involved, by instructing the jury that it meant, "Did the petitioner substantially perform his contract?" As thus construed and submitted, it was answered in the negative.

From this answer there is but one conclusion to be drawn, which is, that the jury found the petitioner had failed not only to carry out his agreement as to trivial details, but had been guilty of material deviations.

The third issue also was construed to mean an inquiry as to how far the work and materials had enhanced the value of the respondent's estate. Again this is a different inquiry than the ascertainment of the value of the labor and materials furnished. *Gillis* v. *Cobe,* 177 Mass. 584, 594.

In answer to this question the amount found due was afterwards treated as the sum for which, if at all, a lien should be established.

Under the instructions of the judge, in answer to the third issue, the sum stated represented the amount due the petitioner after allowing to the respondent whatever expenditure was required to supply the omitted work and materials. Or it may be said that the difference between the price named in the contract, and the outlay necessary to remedy defects, measures the value furnished by the petitioner. *Norwood* v. *Lathrop,* 178 Mass. 208, 210.

In view of the trifling difference between the agreed price and what he is found to have done, it is difficult to see how the jury reached the result shown by their answer to the second issue, unless notwithstanding the instructions they followed its literal wording. Nevertheless, their answer must be treated as conclusive.

The result reached by the answers to the issues as thus inter-

preted, and followed in the final order of the judge, is that although the petitioner materially failed to complete his contract, he is entitled to a lien to the extent of the increased value of the respondent's premises due to the work and materials contributed by him.

After beginning the work there was no abandonment, and he voluntarily went forward until he had accomplished what was claimed by him to be a full compliance with the agreement. But where substantial performance is not found, the general rule that an express contract excludes an implied one covering the same subject controls. *Stark* v. *Parker*, 2 Pick. 267, 274. *Olmstead* v. *Beale*, 19 Pick. 528. If he honestly had failed by reason of slight changes of little value, he could not recover on the contract itself, unless it was shown that the plumbing had been accepted, thus waiving any defects. *Wiley* v. *Athol*, 150 Mass. 426, 435. *Allen* v. *Mayers*, 184 Mass. 486.

Yet where a special contract is made with the owner to erect a house or other buildings on his land, and the contractor unintentionally fails to fully perform it by reason of unimportant variations, he may recover under a count on an account annexed for the value of the labor and materials, less any deductions necessary to complete the work, but not to exceed the stipulated price. It is no bar to his recovery that there has not been a full performance. *Hayward* v. *Leonard*, 7 Pick. 181. *Cullen* v. *Sears*, 112 Mass. 299, 308. *Gillis* v. *Cobe, ubi supra.*

This equitable principle has been applied in petitions to enforce mechanics' liens where similar conditions are shown. *McCue* v. *Whitwell*, 156 Mass. 205, 207. *Moore* v. *Erickson*, 158 Mass. 71, 73. *Angier* v. *Bay State Distilling Co.* 178 Mass. 163, 172. *Moore* v. *Dugan*, 179 Mass. 153. *General Fire Extinguisher Co.* v. *Chaplin*, 183 Mass. 375, 378.

The foundation for this rule, whether applied in an action at law or in a petition to enforce a lien, has been stated to be that the landowner should not be permitted to avail himself of the added value to his property thus furnished without making just compensation. *Hayward* v. *Leonard, ubi supra.*

For these reasons the rulings given that the petitioner could not recover under the provisions of Pub. Sts. c. 191, § 1, unless he proved that in good faith he had endeavored substantially to

perform his contract, were right. But the ruling that even if he had failed to do this a lien could be enforced by him against the respondent's estate for the amount of its increased value due to the labor and materials which he had furnished was erroneous, because it ignored the adverse finding of the jury. *Veazie* v. *Hosmer*, 11 Gray, 396, 397. *Blood* v. *Wilson*, 141 Mass. 25. *Homer* v. *Shaw*, 177 Mass. 1, 5.

*Exceptions sustained.*