WALTER B. ALLEN & another *vs.* CAROLINE S. BURNS.

Suffolk.   January 13, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Pleading, Civil,* Declaration, Variance.   *Contract,* Implied in law, Performance and breach, Building contracts.   *Waiver.*

In an action for the alleged breach of a contract in writing, with specifications, for repairing and remodelling the defendant's house, if it appears that there was a substantial but not an exact performance of the contract by the plaintiff and that the defendant had accepted the work and materials furnished by the plaintiff as a substantial performance of his contract with a full knowledge that the contract had not been performed strictly, the plaintiff cannot recover on a count which alleges only a breach of the special contract but must declare on a count in *indebitatus assumpsit.*

The acceptance by a defendant of work performed by the plaintiff under a contract in writing, notwithstanding known omissions by the plaintiff to do what the terms of the contract required, includes a waiver, and cannot be proved under a mere averment of performance.

KNOWLTON, C. J.   The only question in this case is one of pleading.  The first count is upon an account annexed, the first item of which is, " House remodelled and redecorated as agreed, $4,728.25."   Then follow thirty-nine items for additional labor and materials in connection with the work referred to in the contract.   The second count is upon a special contract in writing, a copy of which is annexed,* and it is averred that the plaintiffs in all respects kept and performed all the covenants and agreements, express and implied, in said contract by them to be kept and performed, and that there remains unpaid to the plaintiffs under said contract the sum of $1,728.25, etc.   The plaintiffs offered an auditor's report and rested.   The defendant offered evidence tending to show that the plaintiffs had not performed the contract.   The plaintiffs in rebuttal offered evidence tending to show an acceptance of the work and materials as a substantial performance of the contract.   The principal finding of the auditor bearing upon the matter in dispute was as follows :

---

* This was a contract in writing, with specifications, for repairing and remodelling the defendant's house on the corner of Valentine Street and Lenox Street in West Newton.

" I find on the evidence that she voluntarily accepted and received the benefits of the plaintiffs' part performance, with full knowledge that the contract had not been strictly fulfilled." The defendant requested the judge * to rule " that the report of the auditor was not evidence of acceptance of the performance of the contract by the defendant." This request was refused and the defendant excepted. By the terms of the contract the balance of the contract price was payable " upon completion of the work." The defendant requested the judge to rule " that a strict performance of the contract was a condition precedent to the payment to the plaintiffs of the final payment set forth in the contract." Also " that if the contract was not fully performed by the plaintiffs, they could not recover on the second count of the plaintiffs' declaration." The judge declined so to rule, but ruled that if there had been a substantial performance by the plaintiffs of the contract in suit, " they were entitled to recover, under either count of the declaration, the contract price, less payments made by the defendant on account, and certain deductions for deviations from the contract, and found for the plaintiffs in the sum of $1,580.25, with interest from June first, 1906, as the balance due on the special contract," and found for the plaintiffs in a certain sum, on items two to forty in the account annexed to the first count of the declaration.†

The ruling shows that the judge made deductions from the contract price for deviations from the contract, and we infer from the record, although perhaps this is not certain, that the amount of these deductions was $148.50. He found that there had been a substantial performance of the contract, and that the defendant had accepted the work and materials furnished by the plaintiffs as a substantial performance of their contract, with a full knowledge that the contract had not been strictly performed.

These findings and rulings and refusals to rule, in a case where there was such a failure to perform a building contract as to call for a substantial reduction from the contract price under the rule stated in *Hayward* v. *Leonard*, 7 Pick. 181, which permits a recovery when there has been an attempt in good faith to per-

---

* *Raymond*, J.

† The defendant alleged exceptions.

form such a contract and a substantial performance of it, present the question whether there can be a recovery upon such facts, under a count averring performance of a special contract, or whether there must be a count in *indebitatus assumpsit*, or some other statement of the grounds of recovery.

We think it has generally been assumed that, in such a case, there can be no recovery under a count averring performance of the special contract by the plaintiff and a breach of it by the defendant. *Hayward* v. *Leonard, ubi supra. Snow* v. *Ware,* 13 Met. 42. *Gillis* v. *Cobe,* 177 Mass. 584. *Norwood* v. *Lathrop,* 178 Mass. 208. *Burke* v. *Coyne,* 188 Mass. 401, 404. On principle there cannot be a recovery upon an averment of performance in such a case, because the proof shows a variance.

The acceptance of the work as a substantial performance of the contract, notwithstanding known omissions to do that which was required, is a waiver, and, upon an averment of performance, a plaintiff cannot recover by proof of a waiver. *Colt* v. *Miller,* 10 Cush. 49. *Palmer* v. *Sawyer,* 114 Mass. 1. *Freeland* v. *Ritz,* 154 Mass. 257.

The ruling as to recovery under the second count was erroneous. Whether the words "as agreed" in the statement of the first item in the first count would prevent the maintenance of the action on that item it is not necessary to consider, for the finding was on the special contract, and only upon items two to forty in the first count.

As the defendant relied upon these questions of pleading at the trial, and, so far as appears, might have tried her case differently if she had not relied upon them, she is entitled to a new trial.

*Exceptions sustained.*

*F. E. Shurtleff,* for the defendant.

*C. F. Perkins,* (*E. L. Briggs* with him,) for the plaintiffs.