DERBY DESK COMPANY *vs.* CONNERS BROTHERS CONSTRUC-
TION COMPANY.

Middlesex.   November 15, 1909. — January 14, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Construction. *Referee. Architect. Pleading, Civil,* Answer. *Practice,
Civil,* Stipulation of parties, Ordering verdict. *Evidence,* Extrinsic affecting writings.

A contract to furnish to a general contractor window frames, door frames and
other things for a certain building contained the following provision: "It is un-
derstood and agreed by and between the parties hereto that the work included in
this contract is to be done under the direction of the architects, and that their
decision as to the true construction and meaning of the drawings and specifi-
cations shall be final. . . . No alterations shall be made in the work except
upon written order of the architects; the amount to be paid by the general
contractor, or allowed by the contractor, by virtue of such alterations, to be
stated in said order.   Should the general contractor and the contractor not agree
as to the amount to be paid or allowed, the work shall go on under the order
required above, and in case of failure to agree, the determination of said amount
shall be left to the architects for decision."   *Held,* that these provisions did not
empower the architects to act as arbitrators in interpreting the meaning of the
contract after an action had been brought upon it.

In an action of contract the defense of an award under an agreement of arbitration
or of a decision by a referee must be pleaded, and if not set up in the answer it
cannot be proved.

In an action upon a contract in writing to recover a balance alleged to be due
for furnishing to a general contractor window frames, door frames and other
things for a certain building, where the controversy between the parties relates
to the question whether the plaintiff was obliged under the contract to provide
certain iron window frames and to provide and erect certain iron door frames, if
the parties file a stipulation stating that the plaintiff is entitled to the full amount
claimed by him unless the defendant is to be allowed the expense of providing
and setting the frames after the failure of the plaintiff to do so, this does not
leave open to the defendant a subsequent contention that the action is barred by
a decision of the architects of the building that the plaintiff was bound by the
terms of the contract to provide the iron window and door frames.

In an action upon a contract in writing to recover a balance alleged to be due for
furnishing to a general contractor window frames, door frames and other things
for a certain building in accordance with certain specifications, where the only
matter in dispute is whether the plaintiff became bound to furnish exterior
iron frames for ten large windows and for two large doors, and the contract
itself does not specify the kind of material to be used, so that resort must
be had to the specifications, and where each party selects certain parts of the
specifications on which he relies for an interpretation supporting his conten-
tion, but the specifications construed as a whole leave the matter in doubt, oral
evidence is admissible to remove the ambiguity by defining the meaning of the
terms employed in the contract, to ascertain whether the plaintiff was to pro-
vide both the wooden and iron frames or only the woodwork; and for this pur-

pose evidence of the preliminary negotiations, the conduct of the parties and the correspondence and interviews between them or their respective agents after the contract was executed is competent.

In an action upon a contract in writing, where extrinsic evidence is admissible to ascertain the meaning of the ambiguous terms of the instrument sued upon, the question of the meaning of the contract is one of fact for the jury under proper instructions from the presiding judge, and the ordering of a verdict is erroneous.

CONTRACT to recover a balance alleged to be due for materials furnished and work performed under a contract in writing, which was annexed to the declaration and was marked Exhibit 1, whereby the plaintiff as a subcontractor agreed to provide certain materials and perform certain work for the defendant, a corporation which was the general contractor for the construction of the Oneida County Court House at Utica in the State of New York. Writ dated January 27, 1908.

In the Superior Court, the case was tried before *Fox*, J.

The direct testimony of one of the architects of the building was admitted without objection or exception for the purpose of explaining the true construction and meaning of the drawings and specifications, and the cross-examination of the architect was admitted subject to exceptions.

The defendant contended that the plaintiff was obliged under its contract to provide certain iron window frames and to provide and erect certain iron door frames, which were described in the specifications as " The exterior iron window and door frames."

The plaintiff contended that under its contract it was obliged to furnish neither the exterior iron window frames nor the iron door frames.

It was agreed by the parties that the plaintiff did not provide the exterior iron window frames and did not provide or erect the iron door frames above referred to. All the other materials and work included in the contract either were furnished by the plaintiff or were covered by a second supplemental agreement on file and were not in issue in this case.

It was agreed further by the parties that the plaintiff should recover $11,929.36 with interest at six per cent from January 26, 1908, if by the true interpretation of the contract it was not obliged to provide the exterior iron window frames nor to provide or erect the iron door frames ; but, if by the true interpretation

of the contract the plaintiff was obliged to provide the exterior
iron window frames and to provide and erect the iron door
frames, the plaintiff should recover $5,729.36 with interest; also
that the plaintiff should recover $6,929.36 with interest, if by
the true interpretation of the contract it was obliged by its con-
tract to provide the exterior iron window frames but not to
provide or erect the iron door frames; but that the plaintiff
should recover $10,729.36 with interest, if it was obliged by its
contract to provide and erect the iron door frames but not to
provide the exterior iron window frames.

During the progress of the trial the defendant offered a cer-
tificate of the architect, annexed to the report, which was marked
"Exhibit 7," for any purpose for which the same might be
competent.  The judge ruled that the certificate was incom-
petent for any purpose and excluded it.  The defendant ex-
cepted.  By agreement of the parties if the certificate was
competent upon any issue in the case it might be given the
same effect by this court as if admitted at the trial.

The judge ruled that the contract between the parties was
not ambiguous; that the extrinsic evidence comprised in the
offers of proof set forth was not admissible to explain its mean-
ing or to aid in its true interpretation, and, subject to the ex-
ceptions of the respective parties, excluded the evidence offered
as incompetent and immaterial.

He further ruled that by the true interpretation of the written
contract and of the drawings and specifications as explained by
the architect, the plaintiff was under obligation to provide the
exterior iron window frames and to provide and erect the iron
door frames, and thereupon ordered a verdict for the plaintiff in
the sum of $6,019.56, being the sum of $5,729.36 with interest to
the date of the verdict.  The plaintiff excepted.

By agreement of the parties the judge reported the case for
determination by this court.  If his rulings were correct, judg-
ment was to be entered on the verdict.  If the evidence excluded
or any part thereof should have been submitted to the jury a
new trial was to be ordered; otherwise, such order or judgment
was to be entered as justice might require.

Appended to the report of the judge were " the offers of proof
made by the parties for the sole purpose of explaining the mean-

ing of and to aid in the true interpretation of the written contract declared upon."

The contract between the parties, referred to above as Exhibit 1, was in part as follows:

" This agreement, made this thirty-first day of January, nineteen hundred and six, by and between Derby Desk Company, a corporation organized and existing under the laws of the State of Maine, party of the first part (hereinafter designated the contractor) and Conners Brothers Construction Company, a corporation organized and existing under the laws of the State of Massachusetts, party of the second part (hereinafter called the general contractor) witnesseth:

" The contractor, in consideration of the agreements herein made by the general contractor, agrees with the general contractor as follows:

" The contractor will provide the window frames and sash, and will provide and erect the door frames, partition doors in the toilet rooms, inside finish, stationary furniture, mantels, closets and stair rails required for the Oneida County Court House, at Utica, New York, as shown on the drawings and described in the specifications prepared by the architects for said Court House. The stationary furniture to be finished and set, complete and ready for use, by the contractor, including all labor and materials necessary for its complete installation above the concrete floor, and including the rubber tiling in the interior of the judges' benches, as shown on the plans.

" All other woodwork to be filled or painted at the factory as required by the specifications, and to the satisfaction of the architects.

" Grounds and furrings to be furnished and erected by the contractor.

" It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the architects, and that their decision as to the true construction and meaning of the drawings and specifications shall be final. It is also understood and agreed by and between the parties hereto that such additional drawings and explanations as may be necessary to detail and illustrate the work to be done are to be furnished by said architects, and the

parties hereto agree to conform to and abide by the same so far as they may be consistent with the purpose and intent of the original drawings and specifications.

"No alterations shall be made in the work except upon written order of the architects; the amount to be paid by the general contractor, or allowed by the contractor, by virtue of such alterations, to be stated in said order. Should the general contractor and the contractor not agree as to the amount to be paid or allowed, the work shall go on under the order required above, and in case of failure to agree, the determination of said amount shall be left to the architects for decision."

Another provision was as follows:

"The window frames for the first floor of the building are to be delivered, if called for by the general contractor, painted in accordance with the specifications, three weeks from the date of this contract. The balance of the window frames to be delivered later, as called for by the general contractor."

Material portions of the specifications are mentioned in the opinion.

The letter of the architects excluded by the judge, referred to above as Exhibit 7, was as follows:

"Olin W. Cutter
Alfred C. Turner
Associate Architects
663 Atlantic Ave.,
Boston, Mass.

"Boston, November 16, 1908.
"Conners Bros. Construction Co.

"Gentlemen : —

"I hereby certify that I have examined the contract between the Derby Desk Company and the Conners Bros. Construction Company dated Jan. 31st, 1906, for certain sub-work on the Oneida County Court House, Utica, N. Y., and that, by the terms of said contract the Derby Desk Company were obliged to provide the iron window and door frames for said Court House, to furnish and erect the post standards in court rooms and the hardware for the Court Room furniture: and to furnish and set the stationary furniture complete.

"I further certify that said Derby Desk Co. has refused to furnish the same.

"I further certify that a number of sash that were hung and fitted by the Derby Desk Co. were not hung in a satisfactory manner and had to be rehung and fitted, which Conners Bros. Construction Co. was obliged to do; that other defective material furnished by Derby Desk Co. and replaced by Conners Bros. Construction Co. is as follows:

Sash in basement had no weights

Hinges on circular sash in passage District Att'y were sprung, sash dented, chains to hold it too long.

Moulding on exterior sill broken and slivered.

Lock on iron gate to Surrogate's desk damaged.

Lock on door in Sheriff's partition broken.

40 door jambs, rebate too small.

"I have audited the damage occasioned to the Conners Bros. Construction Co. as follows:

| | |
|---|---|
| Expense of putting in iron window frames | 5000.00 |
| Expense of putting in iron door frames | 1200.00 |
| Expense of furnishing and erecting post standards | 20.00 |
| Expense of  "  hardware for Court Room | 10.00 |
| Expense of  "  marble bases for desks | 100.00 |
| Expense of  "  glass in Dist. Att'ys partition | 22.75 |
| Expense of  "  tin door frames | 25.00 |
| Expense of repairing defective windows | |
| Expense of replacing other defective material | 50.00 |

"The same to be deducted from the contract price as set forth in said contract.

"I further certify that owing to a change in the plans, the Derby Desk Co. omitted to furnish and install 4 wooden window frames, and sash in the Court Rooms, for which omission Conners Bros. Construction Co. should be allowed $600 to be deducted from the contract price.

"Yours truly,
"Olin W. Cutter,
Cutter & Turner,
Associate Architects."

The stipulation of the parties, referred to in the opinion, was signed by the counsel for the plaintiff and for the defendant and was filed in the Superior Court. It contained the following paragraph:

"That the plaintiff may recover the sum of $12,757.11 except, however, so far as its right to recover the whole or any part thereof may be affected by its failure, if any, to furnish and install (1) the iron door frames required for said Oneida County Court House, (2) the iron window frames or facings so required, (3) the iron post standards for the railings in the jury rooms, (4) certain hardware for the Court Rooms, (5) marble bases for the judge's desk, (6) glass in the district attorney's partition, and (7) certain tin door frames, and by its omission of four wooden window frames, and by its having furnished certain alleged defective windows and other alleged defective material."

A supplemental agreement, also filed in the Superior Court, was as follows:

"It is hereby agreed that the defendants are entitled to be credited on the balance of the contract price with the following items specified in their answer.

| | |
|---|---:|
| "Cost of post standards | $20.00 |
| "  " hardware omitted | 10.00 |
| "  " marble bases for desk | 100.00 |
| "  " glass in District Attorney's partition | 22.75 |
| "  " tin door frames | 25.00 |
| "  " repairing defective material | 50.00 |
| "  " four wooden frames omitted | 600.00 |
| | $827.75 " |

*A. S. Hutchinson,* for the plaintiff.

*S. E. Qua,* (*A. S. Howard* with him,) for the defendant.

BRALEY, J. The certificate of the architects was properly excluded. In the adjustment of differences, as the work progressed, the decision of the architects as to the quantity and quality of the work within the true meaning of the drawings and specifications was to be final. But they were not empowered to act as arbitrators whose decision as to the interpretation of the contract, made nearly a year after the date of the writ,

should be a condition precedent to the right of the plaintiff to bring suit. *White* v. *Abbott*, 188 Mass. 99. *Norcross Brothers Co.* v. *Vose*, 199 Mass. 81, 94, and cases cited. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203.

The amended declaration is for the balance due under the contract, which is alleged to have been fully performed. The amended answer, while containing an itemized statement of deductions including the cost of furnishing and putting in place of the iron frames, with a claim in recoupment, does not plead an adjustment of the matters in issue by arbitration or decision of the architects. It is well settled that an award or settlement must be pleaded, or it is not admissible in bar of the suit. *Parker* v. *Lowell*, 11 Gray, 353, 358. Furthermore by the written stipulation of the parties filed in the case it was expressly agreed that the plaintiff was entitled to the full amount unless the defendant was allowed the expense of providing and setting the frames. It is not disputed that all the woodwork contracted for by the plaintiff has been provided, and in the present controversy the only questions are, whether the plaintiff became bound to furnish exterior iron frames for ten of the large windows, and for two of the large doors. The answer depends upon the interpretation which should be given to the words " window frames " and " door frames " found in the contract. The only expression separate from the specifications which seems to indicate the nature of the materials, appears after the clause relating to the stationary furniture, which the plaintiff also was to furnish, set and complete ready for use. If by implication there is ground for construing the words " all other woodwork " as referring to the preceding window and door frames and sash, because otherwise they appear to be meaningless, the defendant insists that the material of the items in dispute was to be of iron. The first paragraph of the contract not having expressly defined the kind of material to be used, resort must be had to the specifications. But as only one set of specifications and drawings had been prepared covering in detail the construction and completion of the building, the defendant, when making subordinate contracts, used by reference that part where the work to be done and materials to be furnished by the under contractor were described. The parties having agreed that the several specifications relating to

the architectural iron, general ironwork, marble work and carpenter's work shown by the record, are the specifications material to the decision of the case, they are to be treated as those referred to in the plaintiff's contract, and considered as if annexed to the instrument. *Bergin* v. *Williams*, 138 Mass. 544. *White* v. *McLaren*, 151 Mass. 553. *Norwood* v. *Lathrop*, 178 Mass. 208. *Lipsky* v. *Heller*, 199 Mass. 310. If descriptions calling for exterior window and door frames of iron are there found under the titles "architectural iron," and "general ironwork," where it is said that this heading is intended to include "all cast and. wrought ironwork not included under structural steel and architectural ironwork as herein specified, required to complete the building in accordance with the drawings and the complete specifications of which this is a part," we find under the title of "carpenter's work" these words, "this contractor shall furnish and set all the window frames," the materials of which for the portions not exposed to the weather "shall be thoroughly kiln dried, free from sap, shakes, large knots or any defects that would impair its durability," and "the exterior door frames on the first floor are to be of cast iron," but "all other door frames shall be of rebated pine plank." Ordinarily "carpenter's work" of itself does not cover the furnishing of iron door frames, and the architect, to whose evidence no exception was taken, testified, that while the expression, "the exterior door frames on the first floor are to be of cast iron," appears, yet the contractor for the woodwork would not be obliged to put them in, as the reference was only intended to indicate that these frames were not included. The defendant contends that by the plans of the building with the specifications the iron frames were an integral part of the doors and windows, because neither doors nor sash could be put in place without the iron framework to support them. The plaintiff, if inclined to concede in argument that by the architect's testimony the specifications and drawings include all the woodwork in connection with "the exterior iron window and door frames," the "window frames and sashes," and "inside finish," and that, upon an examination of the plans and reading of the specifications, it is possible to ascertain exactly what work was to be done, not only does not make the concession, but omits any reference to the iron door frames.

But while the parties have selected particular parts upon which each relies for an interpretation supporting its contention, the specifications are to be construed as a whole, and not by some of the language which may be found in different portions. When the whole contract is thus reviewed with reference to what the plaintiff bound itself to perform, it is at once apparent from the phraseology used that the differences between the parties cannot be settled or harmonized on the face of the terms they have used. The specifications under different titles, either with or without qualifying words, speak of both kinds of material and construction. To remove the ambiguity and ascertain whether the plaintiff was required to provide both, or only the woodwork, the preliminary negotiations, the conduct of the parties, and the correspondence and interviews between them or their respective agents after the contract was executed were relevant and should have been admitted, not to vary or enlarge the agreement, but to define the meaning of the terms they employed. The ruling that extrinsic evidence could not be received to explain its terms or to aid in its true interpretation was erroneous. *Shaw* v. *Mitchell,* 2 Met. 65. *Mooney* v. *Howard Ins. Co.,* 138 Mass. 375. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193, 200. *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22. *Gordon* v. *Knott,* 199 Mass. 173. *Sleeper* v. *Nicholson,* 201 Mass. 110. *Jennings* v. *Puffer,* 203 Mass. 534. *District of Columbia* v. *Gallaher,* 124 U. S. 505. *O'Brien* v. *Miller,* 168 U. S. 287.

If the report had stated, that by agreement of parties the architect's testimony, which was admissible only on the ground that an ambiguity existed in applying the contract to the subject matter, should be accepted and treated as a final explanation as to the meaning of the plans and specifications, the first ruling, that the contract was not ambiguous although inconsistent, with the second ruling fixing the amount due, would have become immaterial. It then would have been open for us to have determined whether the second ruling was correct, and to have ordered judgment for the plaintiff for either the amount found due by the trial judge, or the larger sum, if by the interpretation of the contract as explained by the architect the iron window and door frames were extraneous. But the parties not having so stipulated, and the plaintiff having excepted to the

ruling which improperly excluded extrinsic evidence, the second ruling directing a verdict was wrong. It was for the jury under appropriate instructions to decide upon the measure of the defendant's liability. *Smith* v. *Faulkner*, 12 Gray, 251, 256. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193.

It is unnecessary to discuss further or in detail the various and numerous offers of proof, as the ruling excluding oral evidence was general, and apparently they were not considered or dealt with specifically. Offers of proof moreover are not evidence until introduced, and supported by testimony, and at the second trial some of them may not be established while others may become irrelevant.

The questions asked and admitted in cross-examination, to which the plaintiff excepted, were within the discretion of the presiding judge. *Jennings* v. *Rooney*, 183 Mass. 577.

The verdict must be set aside and a new trial granted.

*So ordered.*