O. P. Blomquist Company *vs.* Alfred B. White.

Alfred B. White *vs.* O. P. Blomquist Company.

Suffolk.    December 7, 1925. — January 7, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Contract*, What constitutes, Performance and breach.

At the trial of cross actions between a contractor and the owner of a build-
ing upon a contract for work to be done in the building, a controlling
issue was, what was to be included in the contract and whether certain
floors were to be stripped; and there was evidence that the owner sub-
mitted to the contractor in writing specifications, the last sentence in
which was, "Also give estimate for stripping all floors and refinishing
like new throughout the building with the exception of the operating
rooms"; that oral negotiations followed in which various bids were
submitted and finally the contractor wrote to the owner a letter stating
that it was to confirm a "verbal quotation" to the owner's agent "for
the painting of building . . . in accordance with specifications sub-
mitted to us, with" certain additions, and the owner replied confirming
his agent's "verbal acceptance" of the contractor's "verbal quotation"
to the agent.   The judge refused to rule as a matter of law that the
contract was contained in the letters and specifications, and found that
there were included in the contract some matters considered in the
oral negotiations.   *Held*, that the findings and rulings by the judge
were proper.

Cross actions of contract relating to a contract by
the O. P. Blomquist Company to perform certain work upon
a building of Alfred B. White at 472 Commonwealth Avenue
in Boston.   Writs in the Municipal Court of the City of
Boston dated respectively May 21 and May 22, 1924.

At the trial in the Municipal Court, it appeared that an
agent of White submitted to O. P. Blomquist Company
(hereinafter called the company) some specifications, which
are referred to in the record as "Exhibit 1."   The last
sentence therein read: "Also give estimate for stripping all
floors and refinishing like new throughout the building with
the exception of the operating rooms."

Other material evidence is described in the opinion.   Upon
the evidence, the judge found "that the first bid on the

specifications in suit was submitted by the O. P. Blomquist Company on September 4, 1923, in the sum of $1,700 with an additional sum of $170 if the floors were to be stripped and refinished. I find that this bid was not accepted. I find that the second bid submitted by the O. P. Blomquist Company was submitted on September 20, 1923, in the sum of $1,600 with an allowance of $300 if the defendant White was to furnish the paper for the papering of certain rooms. I find that this bid was not accepted. I find that subsequent to September 20, Blomquist and White, through his agent Mr. Poulin, had some negotiations concerning the work. I find that as a result of these negotiations it was agreed that Blomquist should strip all the floors, and in addition to the specifications paint all the plastered walls not previously specified, except the vestibule walls, which were to be cleaned, paint the radiators, and remove cloth in the front room on first floor and repair the plastering, panels and painting in the walls, and to clean the windows, for the sum of $2,000, which was accepted by Mr. Poulin verbally and confirmed by Mr. White by letter on October 19, 1923. I find that after Blomquist had received the sum of $1,700 under this contract, and after his attention had been called to inferior and unworkmanlike work, he abandoned his contract and refused to go on with his agreement."

Requests by the company and rulings by the judge thereon were as follows:

"1. That the contract between the parties consists of the letter from Blomquist to White dated October 18, 1923, the letter from White to Blomquist dated October 19, 1923, and the specifications marked 'Exhibit 1.'" "Not granted; not the whole contract as found."

"2. That the contract between the parties is not ambiguous." "Granted."

"3. That the paragraph in Exhibit 1 asking for estimate for stripping all floors and refinishing like new throughout the building, with the exception of the operating room, is not a part of the specifications." "Not granted; applies only to part of the evidence."

"4. That Blomquist has performed all work called for by

the contract, with the exception of the two basement rooms."
"Not granted."

"5. That Blomquist is excused from the nonperformance
of the work in the two basement rooms by reason of the delay
on the part of White."  "Not granted."

"6. That Blomquist is entitled to recover the contract
price, less a fair deduction for the work in the two basement
rooms."  "Not granted."

The judge found for the defendant in the first action and
for the plaintiff in the second action in the sum of $350, and
reported the actions to the Appellate Division, who ordered
the reports dismissed.  The company appealed and in this
court contended solely that the trial judge should have ruled
that the contract between the parties consisted of the letters
quoted in the opinion and the specifications, that it could not
be "enlarged by oral evidence concerning previous or con-
temporaneous discussion," and that the judge thus com-
mitted an error in determining what the contract was, which
vitiated his finding in both cases, "because it is evident from
the report that this matter of stripping the floors was a very
important factor, both on the question as to performance by
the contractor and damages to the owner."

The case was submitted on briefs.

*H. Bergson,* for O. P. Blomquist Company.

*A. B. White, C. A. Barnes, & F. W. Fisher,* for Alfred B.
White.

BRALEY, J.  The plaintiff in the first action, contracted
to perform certain work and to furnish the necessary ma-
terials for painting and refinishing the ceilings, floors, and
walls of the interior of the defendant's house.  The declara-
tion in the first case is on an account annexed, which after
crediting partial payments, leaves a balance of $324 which
the company claims it is entitled to recover.  In the second
case the plaintiff alleges that the company's contract price
was $2,000, and that part of the work was performed in an
unskilful and improper manner, and that the company after
notice refused to remedy the defective work, for which he
claims damages.

It is contended by the company that the contract was in

writing. The treasurer of the company, after negotiations with one Poulin, the agent of the plaintiff White, sent to White a letter stating, "This is to confirm our verbal quotation to Mr. Poulin of Two Thousand (2,000) Dollars for the painting of building . . . in accordance with specifications submitted to us, with the following additions to same: To paint all plastered walls not expressly specified except vestibule walls which are to be cleaned. The painting of the radiators is included in the above price. Also the removing of cloth in front room, 1st floor repairing the plaster in panels and painting same like the other walls. This, I believe, is in accordance with my conversation with Mr. Poulin." To which White replied by letter "Your letter . . . confirming your verbal quotation of $2,000 to Mr. Poulin for painting the building . . . has been received, and this letter will confirm Mr. Poulin's verbal acceptance of the same."

The trial judge was warranted in finding on the evidence, which need not be recited, that the contract was not fully performed in some material particulars, and that, after receiving $1,700 of the contract price, which was sufficient to pay for what had been furnished and supplied, the company refused further performance, causing a loss to White of $350, the amount required to make good the defective work, which he was entitled to recover.

The first request, that the contract consisted of the letters and the specifications, was rightly denied; and the company's remaining requests: that the paragraph asking for an estimate for stripping all floors and refinishing them like new throughout the building with the exception of the operating room, is not a part of the specifications; that all the work called for had been performed; that it was excused from doing the work in two rooms in the basement by reason of White's delay; and that it is entitled to recover the contract price less a fair deduction for the work in the basement rooms, became immaterial because of the findings. *Hayward* v. *Leonard*, 7 Pick. 180. *Burke* v. *Coyne*, 188 Mass. 401, 404.

The order of the Appellate Division dismissing the report in each case is

*Affirmed.*