MAX FELDMAN *vs.* LUIGI DESANTIS.

Suffolk. March 18, 1927. — May 26, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Performance and breach, Building contract.

A provision in a contract in writing and under seal for the construction of a garage in Boston by a building contractor, "All work to be done to the satisfaction of the City of Boston Inspector," does not in itself inhibit an action at law by the owner to recover damages for the breach

of that contract until he shall prove that the work outlined in the written agreement was not done to the satisfaction of the building inspector of the city of Boston: while the work necessarily was to be passed upon in a reasonable way by the inspector for the time being of the city of Boston, that condition did not make the individual opinion of the inspector a condition precedent to the right of the owner to assert such rights growing out of the contract as he could prove in an action at law.

Further provisions of the contract above described required payments by the owner as the work progressed and as follows: "A fourth payment of $500 is to be made upon completion of the driveway and upon completion of all work agreed to be performed under this contract in accordance with the plans and specifications previously referred to herein and in a manner acceptable to the City of Boston and to the owner. The balance of the price, $600 shall be due and payable 45 days after date of fourth payment." At the trial of an action by the owner against the contractor it appeared that the plaintiff helped some about the work; that a building inspector of the city of Boston "who covered the job" thought the construction was on "hard pan"; that he gave instructions from time to time as the work proceeded, and, just before the work was completed in May, 1925, he was satisfied with the job and pronounced it complete and filed such a report with the building department; that he saw the job in September and found the walls had cracked, perhaps by reason of settling of the foundation due to the fact that the owner had not gone to "hard pan," or possibly to the vibration of frequent trains; that the finished floor was cracked and sunken and pitched to the rear instead of to the front, and was cracked because not properly tamped. *Held,* that a finding for the plaintiff was warranted.

CONTRACT for breach by a building contractor of a contract in writing and under seal for the construction of a garage. Writ in the Municipal Court of the City of Boston dated September 8, 1925.

Material facts found at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $700 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*E. B. Goldberg,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

PIERCE, J. The plaintiff seeks to recover damages in an action at law for an alleged breach of a written contract for the construction and erection of certain walls and a garage, in that the foundation and walls of the garage have buckled and crumpled, and that the materials and construction were of poor quality.

The agreement annexed to the declaration, in substance, provided that the contractor, Luigi Desantis, for the sum of $3,000 would (1) furnish all labor and material and construct a retaining wall upon the rear of certain premises described in the agreement, upon the wall now standing, to run the entire length of the property in the rear; (2) construct a retaining wall on both sides of the described lots running from said rear retaining wall at a height on a level with the ground on which the house stood on said lots, said wall to be of stone and to be two feet in thickness; (3) construct a four car community garage, furnishing all labor and materials, therefor, according to plans and specifications attached to and made a part of the agreement; (4) construct a cement capping four inches in thickness on the top of front elevation of garages; (5) construct a concrete driveway from the outer edge of sidewalk of sufficient or regular width across the sidewalk on Morse Street so as to be acceptable to the inspector for the city of Boston; (6) construct a concrete platform immediately in front of entrance to garage. All the work was to be done to the "satisfaction of the City of Boston Inspector and to be commenced promptly."

All the material evidence is reported, and it warrants the finding of the following facts: The work contracted for was completed the last of April or the first of May, 1925. At that time the defendant had received $2,300 in payments on account of the work done. Forty-five days later the defendant called for the balance of the payments, $700, as being due under the provisions of the contract which in this regard read: "A fourth payment of FIVE HUNDRED DOLLARS ($500.00) is to be made upon completion of the driveway and upon completion of all work agreed to be performed under this contract in accordance with the plans and specifications previously referred to herein and in a manner acceptable to the City of Boston and to the owner. The balance of the price, SIX HUNDRED DOLLARS ($600.00) shall be due and payable 45 days after date of fourth payment."

The demands were refused by the plaintiff because, as he alleged, the walls were cracked. Three weeks after the walls and roof were constructed the walls and garage had cracked

"so badly in places that 'you could put your fingers in'";
and in September were observed by a city of Boston inspector
to be bulged and cracked. This inspector "was the super-
vising inspector who covered the job and as such was as-
signed to look after the erection of the garages and the
construction of the retaining walls" on the premises in
question. He testified that the foundation was laid to a
height of one or two feet when he came on the job and he
assumed it was laid in "hard pan"; that he observed the
ground near the wall which was two to four feet high was
"hard pan"; that it looked like "hard pan" to him; that
he was at the job from time to time, watched the progress
of the construction, gave instructions for tying up the side
walls to the retaining walls, saw the garages just before they
were completed, the last time in April or May, 1925, was
satisfied with the job and pronounced it complete; that
immediately thereafter he filed his written report with the
building department of the city of Boston to the effect "that
the said job was passed by him and that the builder had com-
plied with the law"; that he saw the "job" about September,
observed that the side walls of the building were bulged and
cracked and advised the owner to repair the side walls; that
later these side walls cracked considerably more; that the
cracks were perhaps caused by settling of the foundation due
to the fact that the owner had not gone to "hard pan," or
possibly to the vibration of frequent trains; that the finished
floor was cracked and sunken and pitched to the rear instead
of to the front, and was cracked because not properly tamped.

There was evidence to the effect that, after the defendant
had excavated for the foundation about eleven feet, the
plaintiff went into the pit, tested the ground with a pick,
and said to the defendant, "all right, go ahead and put in the
foundation"; that he helped the men working for the de-
fendant to throw down in the pit the rocks and material for
laying the foundation; that the inspector saw the ground
when a foot or two of the foundation was laid and said he was
satisfied with it, it "looked like 'hard pan'."

At the close of the evidence the defendant requested the
judge to rule, (1) "In order for the plaintiff to maintain his

action he must prove that the work outlined in the written agreement was not done to the satisfaction of the building inspector of the city of Boston." (2) "The plaintiff having failed to affirmatively prove that the building inspector of the city of Boston did not pass the work, he cannot prevail in this action." (3) "The allegations that the work was done in an unskilful and unworkmanlike manner and proof to support such allegations are incompetent and immaterial in contracts as in this case where performance is conditional upon approval of a third person." (4) "There being no allegation or proof of fraud in this case, the approval of the building inspector of the city of Boston was conclusive and binding upon the plaintiff as well as the defendant." (5) "Upon the evidence and the law the plaintiff cannot recover in this action." (6) "Written contract must be construed to intend that all work was to be done to the satisfaction of the building inspector and he only." These requests were refused, and the judge found for the plaintiff. The case is before this court on appeal from the order, "Report dismissed," of the Appellate Division of the Municipal Court of the City of Boston.

The words of the contract under seal, "All work to be done to the satisfaction of the City of Boston Inspector," do not in themselves inhibit an action at law by the owner to recover damages for the breach of that contract until he shall "prove that the work outlined in the written agreement was not done to the satisfaction of the building inspector of the city of Boston." Nor can such a condition be implied to restrain an action at law upon the contract by the owner from any facts which are inferable from the reported testimony; especially when consideration is given, as it must be, to the provision that the fourth payment "is to be made upon completion of the driveway and upon completion of all work agreed to be performed . . . in accordance with the plans and specifications . . . and in a manner acceptable to the city of Boston and to the owner." The provision looks to the result, and, while it necessarily was to be passed upon in a reasonable way by the inspector for the time being of the city of Boston, that condition did not make the individual

opinion of the inspector a condition precedent to the right
of the owner to assert such rights growing out of the con-
tract as he could prove in an action at law.    The case is
governed by *Hawkins* v. *Graham*, 149 Mass. 284, *Lockwood
Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25, 27, and
*Derby Desk Co.* v. *Conners Brothers Construction Co.* 204
Mass. 461.    It is plain the judge was not bound to rule that
"the plaintiff cannot recover in this action."    It results
that the entry must be, order, "Report dismissed," affirmed.

*So ordered.*