**KEENE v. KELLEY (two cases).**
Nos. 2542, 2543.

Circuit Court of Appeals, First Circuit.
May 16, 1931.

S. Leo Solomont, of Boston, Mass. (Everts, Aldridge & Solomont, of Boston, Mass., on the brief), for appellant.

Stuart Macmillan, of Boston, Mass., and Philip G. Willard, of Cambridge, Mass. (Barker, Davison & Shattuck, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

These actions originally brought as cross-actions grew out of a building contract. The judgment below in both cases was against the appellant. In September, 1922, Kelley, a resident of Massachusetts, entered into a contract with Keene, a resident of New York, to construct for him a summer residence and garage in East Dennis in Massachusetts for the sum of $27,842. In the declaration in the action of Kelley v. Keene, there are two counts—one declaring on the contract and claiming to recover the further sum of $2,068.78 for extra labor and materials furnished, with credits amounting to $21,158, leaving a balance due of $8,442.78; a second count of quantum meruit, under which he claimed the same amount as the value of the services and materials furnished by him, viz.

$29,550.78, with the same credits and the same balance due, viz. $8,442.78.

The cross action of Keene v. Kelley is based on an alleged breach of the contract and consequent damages.

Owing to the numerous items involved and claims and counterclaims, the actions were first referred to an auditor to determine the respective issues.

After protracted hearings in which the claims and counterclaims of both parties were presented with great detail, the auditor reported that there was due Kelley in his action the sum of $3,499.64, with interest from the date of the writ. The auditor also, for some reason not made clear, found for Keene in his action against Kelley in the amount of $1.

The entire case was then tried before a jury; the auditor's report being offered as prima facie evidence. The jury, however, upon the evidence presented before it, found that Kelley was entitled to recover the sum of $5,000 with interest, and awarded judgment for the defendant in the action of Keene v. Kelley.

In both actions there were numerous assignments of error by the appellant, based on admission of evidence and failure to give requested instructions, and in the case of Kelley v. Keene an alleged error in giving certain instructions and in denying a motion to direct a verdict for the defendant.

The chief issues were over the question of whether the plaintiff Kelley had in good faith carried out his contract, and whether Kelley was responsible for caving in of the cellar wall. It was conceded by the plaintiff Kelley that he did not entirely complete the contract in all particulars in accordance with its terms and could not recover under the first count, but his contention was that in good faith he substantially completed it and was entitled to recover for the actual benefits conferred upon the defendant Keene to the amount of the fair value of the work and material he did furnish, under the rule in Massachusetts laid down in Hayward v. Leonard, 7 Pick. (Mass.) 181, 19 Am. Dec. 268, and since followed in that commonwealth, Norwood v. Lathrop, 178 Mass. 208, 59 N. E. 650; Handy v. Bliss, 204 Mass. 513, 90 N. E. 864, 134 Am. St. Rep. 673, the question of good faith being one of fact for the jury, Leverone v. Arancio, 179 Mass. 439, 61 N. E. 45. The defendant Keene claimed poor workmanship, a faulty construction of the cellar wall, and many other minor failures in completing the contract, to complete which

he claimed he was obliged to expend a large amount of money.

There was much testimony pro and con on the several contentions of the parties. The jury must have found under the instructions of the court that Kelley could not recover on the contract, but, having in good faith substantially completed his contract, he was, under the second count, entitled to recover the sum of $5,000 and interest. Having so found, as the presiding judge properly instructed the jury, they found for the defendant in the action of Keene v. Kelley.

It would serve no purpose to discuss the evidence in support of the several contentions of the parties. It is sufficient to say that the motion to direct a verdict for the defendant in the action of Kelley v. Keene was properly denied. There was testimony in support of the claims of Kelley which, if believed, was sufficient to warrant a verdict in his favor to the amount awarded.

█ ·As to the assignments of error based on the admission of testimony, we do not from an examination of the record find any prejudicial error was committed; and, as to the failure to give the several instructions requested by the defendant Keene, we find that they were either covered in another form in the judge's charge, or were in some particular not proper instructions in view of the issues and testimony.

█ The error assigned as to the instruction by the presiding judge to the jury, that the finding of the auditor for $1 damages for the plaintiff in the case of Keene v. Kelley was wrong, is without merit. The court explained to the jury that if, under his instructions, they found for Kelley, it would dispose of all the issues between the parties, and in that event they should find for the defendant.

█ Nor was there error in the judge's instruction that Keene was not entitled to charge Kelley for expert advice in relation to restoring the cellar wall after it caved in. At least it does not appear that there was prejudicial error here, inasmuch as the jury from their verdict may have found that the trouble with the cellar walls was not due to the failure of Kelley to comply with the specifications of the contract, but to conditions found in the soil; and the appellant admitted that the contract did not require the additional re-enforcement and waterproofing of the cellar walls and floor that was finally done under the advice of the experts.

These cases involving much detail have been fully heard. Both auditor and jury found that Kelley was entitled to recover, though in different amounts.

The judgments of the District Court are affirmed, with costs.