### WILLIAM J. CUTTER *vs.* ARLINGTON CONSTRUCTION COMPANY.

Middlesex.    May 22, 1929. — June 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Appellate Division, Amendment. *Pleading, Civil,* Declaration, Answer. *Contract,* Building contract, Performance and breach, Implied.

A review by an appellate division of a ruling by the judge of a district court cannot be secured by an exception to or appeal from the ruling; the sole method of securing a review is by way of a report by the judge in conformity to § 110B, added to G. L. c. 231 by St. 1922, c. 532, § 8.

It *was stated* that, unless a contractor prove complete performance by him of a building contract, he cannot recover the amount due him thereunder upon a declaration containing only a count setting forth the contract; proof of substantial performance in good faith by the contractor, with deductions from the contract price allowed to the

other party for the contractor's failure to comply literally with the terms of the contract, is not sufficient.

The declaration in an action of contract in a district court to recover $1,052.06, the balance due upon a construction contract, contained a count setting forth the contract and allegations of full performance by the plaintiff. The defendant by his answer sought to recoup damages for alleged defective work done by the plaintiff. There was evidence at the trial concerning the quality of the work done by the plaintiff. The trial judge found that the plaintiff had done the work in a proper manner, except in certain respects, and found for the plaintiff in the sum of $1,015. Thereafter, the judge allowed a motion by the plaintiff to amend the declaration by adding a count to recover $1,052.06 upon an account annexed. The proceedings at the hearing of such motion were not disclosed by the record before this court upon an appeal by the defendant from an order by the Appellate Division dismissing a report by the trial judge. *Held*, that

(1) The allowance of the amendment was within the discretion of the trial judge if there had been a full and fair trial of the issues raised by the amendment;

(2) On the record, it must be presumed that the judge found that there had been such a trial; and no error was shown by the allowance of the plaintiff's motion.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated June 14, 1927.

Material evidence at the trial in the District Court and proceedings therein and in the Appellate Division for the Northern District upon a report by the trial judge after a finding for the plaintiff in the sum of $1,015 are described in the opinion. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*E. J. Ziegler* & *F. G. Doherty*, for the defendant.

*J. G. Bryer* & *F. A. Hanlon*, for the plaintiff.

RUGG, C.J. This is an action of contract. When the case went to trial there were two counts in the plaintiff's declaration as amended. The first count alleged $1,052.06 to be due upon an accounting had with the defendant. No evidence is reported to sustain this count and it need not be considered further. The second count set forth a written contract whereby the plaintiff agreed with the defendant to do all lathing and plastering on an apartment house in process of construction in accordance with identified plans and specifications for a specified sum, alleged full performance on his

part and refusal of the defendant to pay the balance due of $1,052.03. The answer of the defendant set up a general denial, payment, and the contract in writing with specifications of failure by the plaintiff to perform the same and of the doing by him of defective work to the damage of the defendant whereby recoupment was sought.

The case went to trial upon these pleadings. Much evidence upon the subject of the quality of work performed by the plaintiff pursuant to the contract was introduced. A large number of cracks in the plastering and stucco work had appeared in various parts of the building, responsibility for which the defendant undertook by testimony to fasten upon the plaintiff and to show that he did not comply with the requirements of the contract. There was evidence on behalf of the plaintiff tending to show that his work was in conformity to the terms of the contract. The finding was to the effect that the plaintiff substantially and in good faith conformed in all particulars to the conditions of the contract and made no intentional departure therefrom; that the cracks were caused by shrinkage of lumber or timber installed in the building and were beyond the control of the plaintiff, and that, with the exception of two small hall ceilings for which allowance, apparently of about $37, was made to the defendant, the plaintiff performed all the work required by the contract in a workmanlike manner. Numerous requests for rulings made by the defendant were dealt with in some detail with statement of reasons for granting or denying, except the first, which was that the defendant was entitled to a finding and which was simply denied. The finding was for the plaintiff in the sum of $1,015 with interest from the date of the writ.

The defendant claiming to be aggrieved by the rulings and refusals to rule, the case was reported to the Appellate Division for its determination. After the case was there pending, it was recommitted to the court of first instance upon motion of the plaintiff to amend his declaration in order that the trial judge might decide that motion. That proposed amendment added a third count upon an account annexed, the charge being a single item for plastering on the apartment

house, $9,100, the credits being for several cash payments, and the balance due being $1,052.06. This motion to amend was argued by both counsel before the trial judge and allowed. The record recites further: "DEFENDANT'S CLAIM OF EXCEPTION, AND APPEAL FROM RULING. The defendant excepts to the ruling of the court in allowing the motion of the plaintiff to amend his declaration. The defendant further appeals from the ruling of the court in allowing the motion of the plaintiff to amend his declaration." This so called "claim of exception and appeal" is not the way in which to seek revision of the action of the trial judge of a district court. That procedure is regulated by St. 1922, c. 532, § 8, whereby § 110B was added to G. L. c. 231. It there is provided that "Any party to a cause . . . aggrieved by any ruling on a matter of law . . . may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner" under certain conditions, in the manner there specified. This follows the words of G. L. c. 231, § 108, whereby procedure of the Appellate Division of the Municipal Court of the City of Boston is regulated. The only method thus provided for securing review of the rulings of the trial judge is by report of the points raised signed by the trial judge. No appeal or bill of exceptions is known under that practice. Doubtless it was the design of the General Court that practice and procedure touching review by appellate divisions should be simple and expeditious and not subject to possible mistakes in claiming appeals when a bill of exceptions ought to have been filed, or *vice versa,* with the added expense and possible loss of rights thus involved. See *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. In respect to these actions at law, steps toward simplification of practice and procedure have been adopted somewhat in line with those in the workmen's compensation act, where appeals alone are allowed in accordance with appeals in equity. *Gould's Case,* 215 Mass. 480, 483. It follows that the defendant's claim of exceptions and appeal was a nullity and brought nothing before the Appellate Division.

This point of practice has not been raised at the bar, but

both sides have presented the case on its merits.  If the case be considered on the merits, no error is disclosed.  The allowance of the amendment rested largely although not exclusively in the discretion of the trial judge.  Amendment to a declaration often has been allowed after verdict, finding or decision in order to make the statement of the cause of action conform to the evidence upon which the case was tried and the ground on which it was decided, provided there has been a full and fair trial of the issues thus raised by the amendment.  *Fisher* v. *Doe*, 204 Mass. 34, 38, 39.  *Pizer* v. *Hunt*, 253 Mass. 321, 331, and cases there reviewed.  *Moustakis* v. *Hellenic Orthodox Society*, 261 Mass. 462, 468, 469, and cases cited.

In this Commonwealth the rule, contrary to that in many other jurisdictions, is that, if the declaration is upon a building contract alone without a count upon a *quantum meruit*, there can be no recovery unless there has been a complete performance of the contract, and that it is not enough to show that the contractor has attempted in good faith to perform his contract and has substantially performed it, although failing by inadvertence to conform literally to its terms, with proper deductions to the other party for such imperfections or omissions.  *Allen* v. *Burns*, 201 Mass. 74.  *Bowen* v. *Kimbell*, 203 Mass. 364, 369–371, and cases collected.  But in the case at bar the defendant had pleaded recoupment. That answer opened a wide field of investigation.  *Taft* v. *Montague*, 14 Mass. 282.  *Austin* v. *Foster*, 9 Pick. 341. *Carey* v. *Guillow*, 105 Mass. 18.  *Wiley* v. *Athol*, 150 Mass. 426.  See *White* v. *McLaren*, 151 Mass. 553.  The range of inquiry at the trial well may have overstepped purely technical bounds.  It naturally might have covered the whole question of damage to the defendant from all causes and the benefits actually received by him.  It cannot be determined with accuracy upon this record, which does not disclose by report what occurred before the trial judge at the time of the hearing upon the motion to amend the declaration.  The allowance of that amendment was within the power of the judge and there is nothing in the record to show that he committed positive error of law in allowing it.  In the ab-

sence of anything in the record to show the contrary, it must be presumed that the judge followed the law as laid down in *Pizer* v. *Hunt*, 253 Mass. 321, and the cases there reviewed, and found that the issues raised by the amendment had been fully and fairly tried.   The report shows that apparently there was a full trial of the question whether the plaintiff had substantially performed his contract in good faith.   *Lynch* v. *Culhane*, 241 Mass. 219, 222.

There is no ground for the conclusion that there was abuse of judicial discretion in allowing the final amendment to the declaration.   Under the declaration as amended there is no error of law in allowing the plaintiff to recover on the finding. All the points argued by the defendant have been considered. There is no reversible error.

*Order dismissing report affirmed.*