WILLIAM W. REYNOLDS & another *vs.* HOWARD COLE.

Berkshire.   May 23, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Performance and breach, Implied, Building contract.  *Architect.  Practice, Civil,* Ordering verdict, Charge to jury, Special question to jury.

A contract in writing for the construction of a golf course specified that galvanized iron pipes should be installed to supply water to each tee and green; and that the work should be done under the direction of the architect, who was "to be the sole authority for the determining of the meaning of any part of the plan and specifications."  After completion of the work, the contractor brought an action against the owner for an unpaid balance, one count of the declaration being upon the contract and a second count upon an account annexed for work and materials.  The plaintiff testified that he installed galvanized steel pipe, which did not have as long a life as galvanized iron pipe and which cost about $1,000 less; that the architect, upon his attention being called to the requirement of the contract for galvanized iron pipe, had said, ". . . that was a slip in the dictating, as galvanized steel was what he intended"; that the architect had instructed him to instal galvanized steel pipe; that he had figured the job on that basis; that the defendant was on the premises many times during the course of the work, sometimes in company with the architect; and that the defendant made no complaint because of the use of steel instead of iron pipe.  There was evidence that the plaintiff acted in good faith; that he performed the contract in a competent manner; and that the water system as installed was suitable and functioned properly.  *Held,* that

(1) Although the plaintiff could not recover under the first count, he could recover on the second count if he substantially performed the contract in good faith without intentionally departing from its terms;

(2) The evidence justified a finding that the plaintiff had done so;

(3) A verdict for the plaintiff was warranted on the second count.

The judge at the trial above described denied a motion by the defendant that a verdict be ordered in his favor as to both counts, and instructed the jury that the plaintiff could not recover under the first count; that, if he substantially performed the contract without intentional departure from its terms, he could recover "a sum less than the contract price which will represent the value of what he has put in"; that, while the architect's statements concerning the substitution of galvanized steel pipe for galvanized iron pipe "did not change the

contract and that the defendant was still entitled under the contract to iron pipe," such statements "might have a bearing as to whether the departure from the contract was an intentional and knowing departure, or an accidental and to a certain extent excusable departure which would not absolutely cut out the possibility of the . . . [plaintiff's] recovering for work that . . . [he] did do." The defendant excepted to the part of the charge "in which the court states that the plaintiff could recover . . . by reason of what the architect said," and the judge replied: "I said . . . [he] wouldn't necessarily be barred from recovery." The judge then submitted to the jury a question as to the amount the plaintiff was entitled to recover for work done under the contract. The jury answered the question by stating a certain sum and found for the plaintiff in that sum. *Held,* that

(1) The defendant's motion properly was denied;

(2) There was no error in the instructions to the jury relative to the architect's statements: the statements were material on the question of the plaintiff's good faith;

(3) No error appeared in submitting the question to the jury. ·

CONTRACT. Writ dated April 13, 1928.

The action was tried in the Superior Court before *Lummus,* J. The declaration, material evidence, a motion by the defendant that a verdict be ordered in his favor, which was denied, a portion of the charge to the jury and questions submitted to them, are described in the opinion. As to the first question, the jury answered $14,716.41. In answer to the other three questions, they stated that the plaintiffs were entitled to sums totalling $4,945.13. They found for the plaintiffs in the sum of $19,661.54. The defendant alleged exceptions.

*M. B. Warner,* for the defendant, submitted a brief.

*W. A. Heaphy,* for the plaintiffs.

CARROLL, J. This is an action of contract. The declaration contains six counts. The first count is upon a written contract for the construction of nine holes of an eighteen-hole golf course at Lenox. By this contract the plaintiffs were to install a suitable water system and to supply water for each tee and green with galvanized iron pipes. It was admitted by the plaintiffs that they furnished galvanized steel pipes and that steel pipes for the nine holes would cost $700 to $1,000 less than iron pipes. One of the plaintiffs testified that galvanized iron

has a longer life than galvanized steel. He was asked why they departed from the contract and supplied galvanized steel instead of galvanized iron, and he replied that the architect employed by the defendant told them "that the mention of galvanized iron in the contract and specifications was an oversight." This witness further stated that as the job was figured galvanized steel was to be put in; that the architect's attention was directed to the statement in the specifications calling for iron pipes and he was asked if that was his intention, to which the architect said, "No, that was a slip in the dictating, as galvanized steel was what he intended and what we had figured, and he gave us instructions to put it in." There was evidence that the defendant was on the premises many times during the progress of the work. "Sometimes he was in company with the architect." No complaint was made by the defendant during the progress of the work because of the use of steel pipe instead of iron pipe. The water system "was a suitable water system" and "functioned when completed." Certificates for $44,000 were given the plaintiffs. The last certificate for $3,096.26 was not paid.

Counts two, three and four deal with the construction of a tennis court, work for top dressing and extra work. Count five is to recover for the work and material in the first four counts. Count six is an account annexed including all the labor and material furnished.

The defendant moved that a verdict be directed in his favor on the first count and "in the common counts . . . in which payment is claimed for the construction of the golf course under the contract." He stated in answer to the request to specify the grounds of his motion that there was "an intentional departure in a substantial matter whereby the plaintiff was benefited," that "The contract called for a certain type of pipe," that this type was not used, "and therefore he is not entitled to recover."

Four questions were submitted to the jury: the first concerned the amount the plaintiffs were entitled to recover. The remaining questions related to the amount

the plaintiffs could recover for the extra work and work on the tennis court. The judge instructed the jury that the plaintiffs could not recover on the first count; that if the contract was substantially performed and the variation from the contract was not intentional, he could not recover the contract price but could recover "a sum less than the contract price which will represent the value of what he has put in." In discussing the testimony bearing on the statement of the architect the jury were instructed: "While I have told you that they did not change the contract and that the defendant was still entitled under the contract to iron pipe, it might have a bearing as to whether the departure from the contract was an intentional and knowing departure, or an accidental and to a certain extent excusable departure which would not absolutely cut out the possibility of the contractors' recovering for work that they did do." The defendant excepted to the part of the charge "in which the court states that the plaintiff could recover . . . by reason of what the architect said," and the judge replied: "I said they wouldn't necessarily be barred from recovery." No requests for rulings were made by the defendant. The bill of exceptions does not purport to set out all the material evidence in the case, but all the material evidence relating to the substitution of steel for iron and the good faith of the plaintiffs is inserted. There was a verdict for the plaintiffs; the defendant excepted.

As we interpret the record the question raised by the defendant is the plaintiffs' right to recover under the common counts for the work performed and material furnished. The point decided in *Gillis* v. *Cobe*, 177 Mass. 584, 594, 595, *et seq.* does not arise here. The plaintiffs could not recover under the contract set out in the first count and the jury were so instructed. But if they made an honest attempt to fulfill the contract, and performed it substantially, although not in strict compliance with the contract, they could recover on the count on the account annexed. *Hayward* v. *Leonard*, 7 Pick. 180. *Bowen* v. *Kimbell*, 203 Mass. 364. *Handy* v. *Bliss*, 204 Mass. 513. *Bottini* v. *Addonizio*, 261 Mass. 456.

There was abundant evidence that the plaintiffs acted in good faith and performed the contract in a competent manner. They were told by the architect in charge that galvanized iron in the contract and specifications was inserted by mistake; that galvanized steel was intended. They figured the job on the basis that steel pipe was to be supplied. The defendant and his architect were frequently on the premises during the progress of the work and made no protest because of the substitution of steel for iron. In these circumstances the jury could find that the plaintiffs acted honestly in attempting to perform the contract; that the contract was performed substantially according to its terms. The motion for a directed verdict was denied properly.

There was no error in the instructions given the jury concerning the architect. As bearing on the plaintiffs' good faith the statements of the architects were material. *Leverone* v. *Arancio,* 179 Mass. 439, is not in conflict. In the case at bar the specifications provided that the work was to be done under the direction of the architects, and they are "to be the sole authority for the determining of the meaning of any part of the plan and specifications." There was no error in submitting the questions to the jury.

*Exceptions overruled.*