GEORGE B. SEARLS, trustee in bankruptcy, *vs.* ROBERT M. LORING.

Suffolk.    December 5, 1930. — May 25, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* Implied, Building contract, Performance and breach. *Pleading, Civil,* Declaration.

The declaration in an action of contract was upon an account annexed, one item of which was "Balance on contract for heating and plumbing work." The defendant, among other defences set up in his answer, alleged that in various particulars there was failure on the part of the plaintiff to perform the contract. The contract provided that "material . . . shall be of best quality and erected in a workmanlike manner." The contractor testified at the trial of the action that the work was completed and was a workmanlike job; that about five

months after such completion he saw two leaks which he agreed to fix, but that he never did fix them. There was evidence that because of the leaks the system was not properly constructed and was defective. The judge charged the jury in substance that, if the contractor intentionally omitted to do any part of the contract, he could not recover; that, if he left undone work that was substantial, he could not recover; but that, if he substantially performed the contract, he was entitled to recover the amount claimed less what should be allowed for anything not performed by him. There was a verdict for the plaintiff. *Held,* that

(1) The declaration not being framed upon the contract in writing between the parties, requests by the defendant for rulings in substance that the plaintiff could not recover unless the contract were completely performed were not pertinent;

(2) Under the declaration, the plaintiff was not confined to proof of complete performance of the contract to the last detail, but might recover the amount sought by him less a fair deduction for omissions or defective work, provided there was proof of honest intention and attempt to perform the contract completely, and in fact substantial performance of it;

(3) The admission of the contractor in testimony that, about five months after he had completed the work, he saw two leaks which he agreed to but never did fix, did not estop the plaintiff from contending that leaks were inconsequential nor preclude recovery;

(4) The judge's charge fairly protected the rights of the defendant.

CONTRACT, with a declaration described in the opinion, by the trustee in bankruptcy of Perley L. Frost. Writ in the Municipal Court of the City of Boston dated February 25, 1930.

On removal to the Superior Court, the action was tried before *Morton*, J. Material evidence, requests by the defendant for rulings and the judge's charge are described in the opinion. There was a verdict for the plaintiff in the sum of $188.70. The defendant alleged exceptions.

The bankrupt will be referred to hereinafter as the plaintiff.

*H. W. Sexton,* for the defendant.

*G. B. Searls,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover the balance due on a written contract and for extra work. No question is raised as to the extras. The declaration is upon an account annexed. The first item in that account is "Balance on contract for heating and plumbing work $125.00." The answer of the defendant contained a gen-

eral denial. It also set out that there was a contract between the parties whereby the plaintiff agreed to furnish the labor and materials declared upon in item 1 of the account annexed to his declaration, and that in various particulars there was failure on the part of the plaintiff to perform, and alleged in recoupment expenses incurred by the defendant in completing the contract as nearly as practicable. It also averred damages arising from defective work of the plaintiff and overpayment by the defendant to the plaintiff.

Parts of the contract printed in the record show that it was "intended to cover materials needed to make a first class hot water heating system. This material . . . shall be of best quality and erected in a workmanlike manner." The contractor testified in substance that the work was completed about the first of 1929 and was a workmanlike job; that in June, 1929, he saw two leaks in the system, which he agreed to but never did fix, and that he had been paid all due on the contract except $125. There was other testimony from an expert that he had inspected the system and found it a good one as to materials and workmanship; that he saw no leaks, but, if there were leaks, it was not properly constructed and was defective. The owner of the building testified that he moved into the house in February, 1929, and noticed six to eight leaks around the radiators and pipe joints, which were a source of inconvenience to him and necessitated keeping absorbent pads under the valves and joints to prevent staining the floor; that he was unable to cover the pipes in the cellar with asbestos "until last winter" (apparently 1929–1930) because of the leaks, and that in his opinion the work had not been completed.

This is in substance all the evidence in the record. There is nothing to show the contract price of the job or the expenditures, if any, due to the leaks, or how long the leaks continued.

The defendant requested instructions to the effect (1) that the plaintiff could not recover upon the contract unless he fully performed it, (2) that the plaintiff could not recover under item 1 of the account annexed unless the hot water

system was erected in a workmanlike manner, and (3) unless the job was completed, and (4) that the burden of proof of performance was on the plaintiff. These requests were denied. The charge, so far as here material, was in these words: "Now in order to enable the plaintiff to recover for any balance due he has got to show that he substantially performed the contract. Of course, if he omits intentionally to do anything, any part of the contract, . . . he can't recover anything. If he leaves undone work that is substantial he can't recover, but the law never has left a contractor in a position that he can't recover anything on the balance due on a contract if through mistake or otherwise he left undone some small thing. . . . The defendant says he performed his work in an unworkmanlike manner. . . . Now it is for you to determine whether those defects are so substantial that they should prevent the plaintiff from recovering. If they are not, the plaintiff would be entitled under ordinary circumstances to recover the balance due, with an allowance for anything not performed of which there is evidence as to the expense. . . . Now to sum up the whole question. Did the plaintiff substantially perform his contract? If he did, can you, in view of the evidence, make any allowance for the making good these alleged defects? The contract calls for a 'complete' job, but in my view of the law 'complete' means 'substantially,' as I have already said. That is for you to determine, whether he is entitled to recover the amount that he claims under the contract, less anything that you think ought to be allowed for doing those things I have spoken of. . . . Of course, gentlemen, the plaintiff has got to prove that he performed his contract substantially in order to recover."

The declaration is not framed upon the written contract entered into by the parties. It does not conform to the requirements of pleading upon such a contract by setting out its terms. G. L. c. 231, §§ 7, Eleventh, 32, 147 (10. Policies of Insurance). If the declaration had been upon the contract in writing alone, there could be no recovery unless there was proof of complete performance of the

terms of the contract. *Allen* v. *Burns,* 201 Mass. **74.**
*Bowen* v. *Kimball,* 203 Mass. 364, 369–371. *Cutter* v.
*Arlington Construction Co.* 268 Mass. 88, 92. *Reynolds* v.
*Cole,* 272 Mass. 282, 285. *Bucholz* v. *Green Bros. Co.* 272
Mass. 49, 55. If the declaration had been upon the writ-
ten contract, the requests for instructions presented by
the defendant would have been pertinent.

If, however, the plaintiff has honestly intended and
attempted to perform the contract and has made such
approximation to complete performance that the owner
obtains substantially what was required by the contract,
although not the same in every particular, and although
there may be imperfections and omissions on account of
which there should be a deduction from the contract price,
there may be recovery for the contract price less such
deductions as the imperfections and omissions fairly demand.
*Cullen* v. *Sears,* 112 Mass. 299, 308. *Gillis* v. *Cobe,* 177
Mass. 584, 593. *Lynch* v. *Culhane,* 241 Mass. 219, 222.
*Smedley* v. *Walden,* 246 Mass. 393, 400.

Where a contractor has completely performed his con-
tract so that the amount or the balance due on the con-
tract is clearly earned, he may declare therefor at his election
on the contract as completed, or on an account annexed.
*Holman* v. *Updike,* 208 Mass. 466, 471. *Egan* v. *Massa-
chusetts Bonding & Ins. Co.* 266 Mass. 270, 273. *Eastman*
v. *Steadman,* 269 Mass. 250, 252. This is the form of dec-
laration in the case at bar. Under it the plaintiff is not
confined to proof of complete performance of the contract
to the last detail, but may prevail provided there is proof
of honest intention and attempt to perform the contract
completely, and in fact substantial performance of it. On
this precise form of pleading the plaintiff was held en-
titled, after full discussion, to recover in the leading case of
*Handy* v. *Bliss,* 204 Mass. 513, 518, 519.

The plaintiff did not preclude himself from recovery by
the evidence presented in his behalf. He did not rely upon
the doctrine set forth in *Gillis* v. *Cobe,* 177 Mass. 584 at
page 593, as applicable to a case where a plaintiff admits
that his failure to perform goes to the essence of the con-

tract, but he relied upon complete or substantial performance of the contract according as the jury might find. The admission of the contractor in testimony that, about five months after he had completed the work, he saw two leaks which he agreed to but never did fix, did not estop the plaintiff from contending that they were inconsequential.

There was no error in the denial of the several requests for rulings presented by the defendant. The charge of the trial judge was adapted to the evidence and fairly protected the rights of the defendant.

*Exceptions overruled.*