*Southern District*

### THOMAS F. KILROY d-b-a
### v.
### EDWARD M. JOYCE

*Present*: CALLAN AND SGARZI, JJ.

(This opinion has been abridged)

*Sgarzi, J.* This is an action in contract to recover a sum of money alleged to be due on a written contract. The defendant answers by general denial and an allegation that the contract was not performed according to its terms. He also filed a declaration in set-off claiming damages in the sum of $900.00.

The case was originally tried on March 31, 1950 resulting in a finding for the plaintiff. Defendant filed a draft report but this was never acted upon and eventually a new trial was ordered.

The second trial occurred on April 24, 1952 and resulted in a finding for the plaintiff in the sum of $356.33 and for the defendant in set-off.

The judge filed the following memorandum:

"There is a variance between declaration and proof in the above-entitled action. However, evidence of a waiver of two terms of the agreement was introduced without objection. On a properly drawn declaration I would find that the defendant waived the provisions of the contract relating to the particular policies of insurance required as well as to the agreement that the complete contract price "be paid on proof of all labor on the job having been paid".

After a full hearing, I am convinced that the plaintiff fully performed his contract in a workmanlike manner, with the exception of the waived provisions. It appears that the defendant sold the house to a third party, who paid to have certain work done on the house. There was no evidence as to what work was done, who did it, or the amount paid for said work; no evidence as to the amount defendant paid

for the house or the amount he sold it for although he claims a loss; no affirmative evidence of damage to the defendant.

In view of the foregoing considerations and in order to work out substantial justice between the parties I "move" that the plaintiff amend Count 1 of his declaration. On such amended declaration a finding for the plaintiff in the sum of Three Hundred Fifty Dollars ($350.00) will be made.

Due to faulty pleading, part of the burden should rest on the plaintiff. Therefore, he should not be allowed to recover the sum of $89.91 for wall paper; and under Count II he should be allowed to recover the material charge only, that is $6.33 rather than $24.00 which is the charge for labor and material.

In conclusion, upon the amended declaration I would find for the plaintiff in the sum of $356.33."

The plaintiff then filed a substitute declaration which alleged that the defendant had waived the requirements of Clauses 6 and 7 of the written contract.

The plaintiff's motion to amend was allowed and there was a finding for the plaintiff on his substitute declaration and a finding for the defendant in set-off.

 With regard to the first contention there is no doubt that granting of the requests is inconsistent with the ultimate findings of the court. However, these rulings were made before the declaration was amended and were predicated upon the state of the pleadings before the motion to amend was filed and eventually allowed. Based upon the situation as it then existed there was no error in granting these requests. The allowance of the motion to amend the declaration corrected the defect in the pleadings, making them conform to the proof, and afforded a proper basis for the finding.

 We now consider the propriety of allowing the motion to amend. The defendant argues that it was not within the discretion of the trial justice

to move that the declaration be amended to conform to the proof. It is provided by G. L. c. 231, §51 that the court may at any time before final judgment allow amendments in matter of form or substance in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought. This statute confers upon the court a very broad power to amend before and after verdict in all cases where the justice of the case requires it. *Valentine v. Farnsworth*, 21 Pick. 176. A leading case on this subject is *Pizer v. Hunt*, 253 Mass. 321 where it is said: "Many cases have arisen where an amendment to a declaration has been allowed after verdict, in order to make the statement of the cause of action conform to the evidence and thus avoid a variance between the allegations and the proof without any new trial. Amendment to the declaration has frequently been ordered by this court or directly allowed here under G. L. c. 231, §125 for the same purpose. This doctrine has long been established and constantly acted upon through the years in this Commonwealth. It is most salutary in preventing second trials for purely technical reasons where there has been a full trial on the merits. Of course care must always be taken to be certain that the issues have been fully and fairly tried." *Moustakis v. Hellenic Orthodox Society*, 261 Mass. 462; *Savage v. Welch*, 246 Mass. 170.

The issues involved here relate to the question of waiver of the provisions of clauses 6 and 7 of the contract raised. It is well settled that in an action upon a written contract, recovery can be had only upon proof of complete performance. *Searls v. Loring*, 275 Mass. 403; *Reynolds v. Cole*, 272 Mass. 282; *Russo v. Hosmer*, 312 Mass. 231. The trial justice here found that there was complete performance of the contract by the plaintiff with the exception of clauses 6 and 7 but that the provisions of these clauses had been waived.

There was evidence at the trial tending to show that the requirements of the contract with regard to the clauses in question had been waived by the defendant. Since the issue of waiver had not been raised by the declaration, this evidence should have been excluded if objection had been made. However, it does not appear that the defendant objected to this evidence. In fact the inference is clear from his request for ruling No. 4 at the hearing on the plaintiff's motion to amend the declaration that he did not object. This evidence having been received without objection enabled the justice to make her finding for the plaintiff on the amended declaration. *Fisher v. Doe,* 204 Mass. 34.

The defendant argues that the issue of waiver was not fully and fairly tried and that therefor it was error for the judge to allow the motion to amend the declaration. It was said in *Cutter v. Arlington Cons. Co.,* 268 Mass. 88 "In the absence of anything in the record to show the contrary, it must be presumed that the judge followed the law as laid down in *Pizer v. Hunt,* 253 Mass. 321 and found that the issues raised by the amendment had been fully and fairly tried."

We are unable to find anything in the record to indicate that the judge was not warranted in finding that the issues raised by the amendment were fully and fairly tried, and the allowance of the motion shows no abuse of judicial discretion.

The denial of the defendant's motion to correct the finding likewise discloses no error of law. This was of course the proper method to bring to the attention of the court an alleged inconsistency between rulings and findings. *Biggs v. Densmore,* 323 Mass. 106; *DiLorenzo v. Atlantic Nat. Bank,* 278 Mass. 321.

The denial of this motion gave the defendant the right to have the question reviewed by this Division.

We find however that there was no inconsistency in view of what has been said before.

Careful consideration of all of the questions of law raised by the report discloses no prejudicial error and no abuse of judicial discretion. *The report is therefore Ordered Dismissed.*

James M. Kendrick, for the Defendant.