*Northern District*

No. 5562

**LOUIS WOLK**
**v.**
**JULIUS R. TEICH**

(December 20, 1961)

*Present:* Brooks, P. J., Eno, Kelleher and Connolly, JJ.

Case tried to *Mayberry, J.,* in the District Court of Newton. No. 3718 of 1960.

*Connolly, J.* In this action of contract, the plaintiff seeks to recover damages in the amount of $692.55. His declaration contains but one count with an account annexed as follows:

"A"

| | | | |
|---|---|---|---|
| Item 1. | Labor furnished from | | |
| | 11-24-58 to 12-12-58 | | |
| | — 160 hrs. at $3.40 per hr. | | $544.00 |
| Item 2. | S. S.   O. A.   Inc. 1.5% | | 81.60 |

| | | |
|---|---|---:|
| Item 3. | Lumber | 178.26 |
| Item 4. | Door frames | 57.75 |
| | | $861.61 |
| Item. 5. | Overhead and Profit | 180.94 |
| | | $1042.55 |
| Item 6. | Credit check on account 11-24-58 | 350.00 |
| | | $692.55 |

The answer is a general denial, payment, that the plaintiff breached the contract, and recoupment for such breach.

The action arises out of a building contract, under which the plaintiff was to remodel a house owned by the defendant. The plaintiff did work and furnished labor and materials under the contract but the defendant, claiming that the work was being done in a negligent and unworkmanlike manner, refused to permit the plaintiff to complete the contract.

The defendant seasonably filed the following Requests for Rulings of Law, all of which were denied for the reasons hereinafter stated.

1. Upon all the evidence, the plaintiff is not entitled to recover. *Denied. I find that the plaintiff is entitled to recover, by reason of the fact that he was ready, able and willing, and eminently qualified to complete the work called for in his contract, but was prevented from doing so because the defendant abrogated the contract and refused to permit the plaintiff to finish the work called for in said contract.*

2. The burden is upon the plaintiff to prove that he acted in good faith and was going by the contract. *Denied. I find that the plaintiff did act in good faith, and was going by the contract until he was prevented from acting any further under the contract, by the defendant.*

3. The plaintiff cannot recover if there is any proof that he intentionally deviated from the contract in any material way. *(Andrew v. Maguire,* 305 Mass. 515). *Denied. I find there was no proof that the plaintiff intentionally deviated from the contract in any material way, or otherwise.*

4. That the plaintiff cannot recover under any count if there has been deviation from the contract and the plaintiff has not proved that he did not intend to deviate or that the deviation was immaterial and that it was so slight as to fall within the rule of de minimus. *Denied. See Answer to No.* 3 — *and I further find that there is no proof that the plaintiff intended to deviate from the contract in any way, be it material or otherwise, until prevented from completing his contract, by the defendant.*

5. If the plaintiff intentionally and substantially deviated from the terms of the contract, without justification or excuse, he cannot recover for fair and reasonable value of materials furnished and labor supplied. *(Russo v. Hosmer,* 312 Mass. 231; *Serlas v. Loring,* 275 Mass. 403). *Denied. See Answer to No.* 1.

6. That the plaintiff cannot recover in this action if there is an intentional departure in a substantial manner from the contract although

the work done and material furnished was of equal value to that called for by the contract. (*Andrew v. Maguire,* 305 Mass. 515). *Denied. See Answer to No. 1.*

7. If what was paid by the defendant under the contract and what ought to be allowed for omissions and variations exceeds the contract price, the defendant is entitled to recover from the plaintiff the amount of the excess. (*Walsh v. Cornwell,* 272 Mass. 555, 563 and 565; *Ficaro v. Belleau,* 331 Mass. 80 at 82). *Denied. See Answer to No. 1.*

8. That the plaintiff cannot recover expense for overhead and expected profit, in a suit for quantum meruit resulting from a breached contract. *Denied. See Answer to No. 1 — and I further find that this particular contract was breached by the defendant.*

9. That reasonable value for which recovery may be had by a contractor in an action based on substantial performance of a building contract is to be ascertained with reference to the contract price by deducting from that price such sum as ought to be allowed for the omissions or variations. Usually this is the cost of completing the performance. *Denied. I find that this Request has no application here, by reason of the fact that the plaintiff has never been permitted by the defendant, to complete his performance. See Answer to No. 1.*

The trial judge found for the plaintiff and assessed damages in the sum of $692.55 with interest from March 1, 1959.

The defendant claims to be aggrieved by the denial of his requests for rulings numbered respectively 1, 8 and 9, and by the order of the trial judge assessing damages in the sum of $692.55 with interest from March 1, 1959, whereby the trial judge included the sum of $81.60 for item No. 2 and $180.94 for item No. 5 as set forth in the account annexed marked "A" in the plaintiff's declaration.

The defendant's first request, since it did not contain specifications, did not comply with Rule 27 of the District Courts and was properly denied.

His requests 8 and 9 do not apply because of the facts found by the trial judge. *(Dalton v. America Ammonia Company,* 236 Mass. 105 at 108).

The trial judge, by his "Findings of Fact", clearly established the right of the plaintiff to sue either on the special contract or on the account annexed. *Searls v. Loring,* 275 Mass. 403, 407 and *Beaudoin v. Lenza,* 338 Mass. 798. If he had sued on the special contract, there is no question of his right to recover the items disputed by the defendant in the plaintiff's account annexed. *Cetrone v. Livoli,* 337 Mass. 607. On the account annexed, the plaintiff is entitled to recover the fair and full value of the services performed and materials supplied the defendant. *Ford v. Burchard,* 130 Mass. 424.

In determining such a value, the trial judge could properly consider the item

of government taxes in connection with labor furnished; the cost of doing business as represented here in overhead; and finally, the profit on that portion of the work done, as factors contributing to the fair value involved.

The defendant refers in his brief to the admission in evidence of the bill submitted by the plaintiff to the defendant which contained the items set forth in the account annexed. If the defendant had a good exception to the admission of this evidence, he has waived it by failing to comply with the aforesaid Rule 27 of the District Courts.

There being no prejudicial error, the Report is to be dismissed.

Max Mandelstam of Boston, for Plaintiff.
Alfred P. Farese of Everett, for the Defendant.