FRANCES CATALUCCI *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.     October 4, 1966. — November 7, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL,
& REARDON, JJ.

*Practice, Civil,* Requests, rulings and instructions.   *Negligence,* Street rail-
way: station, stairway.

At a trial without jury of an action for personal injuries, there was no
inconsistency in granting a request for a ruling that "On all the evi-
dence the plaintiff has not sustained the burden of proof . . . and there
must be a finding for the Defendant" and also granting requests for
rulings that there was evidence of the defendant's negligence and evi-
dence warranting a finding for the plaintiff.   [361]
A judge sitting without jury may properly refuse a request for ruling
which assumes a disputed fact instead of stating it hypothetically; he
need not correct nor perfect the request.   [362]
A hole in a subway station stairs "one-half to one inch wide, four to five
inches long, and one-half to one inch deep, with a piece of metal pro-
truding along the length of . . . [the] hole," in which a woman caught
her heel and fell after it had been there for at least three weeks, could
have been found to have been an actionable defect.   [361, 362]
Where a judge, hearing without jury an action for personal injuries sus-
tained when the plaintiff caught her heel in an alleged "hole" in stairs
on the defendant's premises and fell, ruled that "the plaintiff has not
sustained the burden of proof of showing a defect on the stairs at the
point where she fell" and erroneously ruled that the hole described by
the plaintiff did not constitute an actionable defect and found for the
defendant without disclosing the basis for such finding, the plaintiff's
exceptions to the rulings were sustained.   [362]

TORT.   Writ in the Superior Court dated December 27,
1955.

The action was heard by *DeSaulnier,* J., who found for
the defendant.

*Esther Maltzman Stevens* for the plaintiff.

*Charles S. Walkup, Jr.,* for the defendant.

WHITTEMORE, J.   In this action for personal injuries,
tried without a jury, there was conflicting evidence whether

the "hole" in the Essex Street subway station stairs in which the plaintiff testified she caught her heel on June 23, 1955, in fact existed. "[E]vidence presented by the plaintiff tended to prove . . . [a hole] one-half to one inch wide, four to five inches long, and one-half to one inch deep, with a piece of metal protruding along the length of said hole"; also that the "hole" had been there for at least three weeks. The defendant's starter, its porter, and its station repairman testified that they examined the stairway immediately or shortly after the alleged accident "and that there was no hole or other defect in the stairway." Confirmatory testimony was given by the defendant's maintenance man. The judge took a view.

The judge granted the defendant's request 1, that "On all the evidence the plaintiff has not sustained the burden of proof of showing a defect on the stairs at the point where she fell and there must be a finding for the Defendant." There is nothing in the plaintiff's exception to the granting of this request. Consistent with his action on this request, the judge ruled, on the plaintiff's request 5, that there was evidence that the defendant was negligent and, on the plaintiff's request 1, that there was sufficient evidence to warrant a finding for the plaintiff, but he noted that such a finding was "not required on facts found."

The judge, however, acted inconsistently on at least one other request. He denied the plaintiff's request 4: "There is evidence that the alleged defect as described by the plaintiff as having caused her fall had been in existence for an unreasonable length of time." He granted the defendant's request 2: "The so-called 'hole' described by the plaintiff does not constitute a legal defect."

The duty of the judge to show beyond doubt that he is resolving the case on factual issues, if such is his intention, has been reiterated. See, for example, *Liberatore* v. *Framingham,* 315 Mass. 538, 542. Failure in specification and clarity unnecessarily imposes a burden on this court, and extends the date when final judgment may be entered.[1]

---

[1] This case was entered on February 6, 1956.

The plaintiff's intent in request 4 was, we assume, to ask for the ruling that on the evidence three weeks could have been found to be an unreasonable time to allow the existence of a hole such as had been described. Such a ruling should have been given. It was necessarily involved in the ruling that there was evidence of negligence. The wording of request 4 was such, however, that, given without a qualifying notation, it could have been understood to import the finding that the defect existed at the time of the fall. "[W]here a request assumes a disputed fact, instead of stating it hypothetically, the party presenting the request goes beyond his right to a ruling of law, and asks also an implied finding of fact which the judge is not required to make. . . . A judge is not bound in a trial without jury to correct or perfect a request, but may deal with it as presented." *Liberatore* v. *Framingham,* 315 Mass. 538, 543.

We think, however, that the defendant's request 2, though not in terms hypothetical, can reasonably be construed only as a ruling that such a hole as described could not be found to be an actionable defect. It was error to give this request.

The basis for the trial judge's finding for the defendant does not reasonably appear from his rulings. *Hoffman* v. *Chelsea,* 315 Mass. 54, 57. Compare *Brodeur* v. *Seymour,* 315 Mass. 527, 530, where the judge had made a "painstaking analysis of the facts" with "special numbered findings on points deemed important." The judge did nothing of that kind in this case. We cannot be sure that the basis for granting the defendant's request 1 ("the plaintiff has not sustained the burden of proof of showing a defect on the stairs") did not lie in the granting of the defendant's request 2, notwithstanding the well understood difference between a "defect" and a "legal defect." Compare *Hoffman* v. *Chelsea,* 315 Mass. 54, 58.

*Exceptions sustained.*