*Northern District*
No. 6673
## COMEAU CO. BUILDERS, INC.
v.
## AMANDO PARADISO, et al.
Argued: Jan. 17, 1968  Decided: March 15, 1968

*Present:* Brooks, P. J., Connolly, Parker, J. J.

Case tried to *Cowdrey, J.* in the District Court of Lowell
    #59 of 1965

*Brooks, P. J. This is an action for money
due for work, labor and materials* for recon-
struction of a building owned by defendants and
damaged in a fire. Plaintiff claims a balance
due of $5,196.50 which included extras in the
amount of $744.50. Defendant answered gen-
eral denial, payments, also negligent and un-
skillful workmanship.

A motion to amend defendant's answer was
made during trial and later allowed, alleging
that subsequent to the commencement of the
action, defendants made a settlement with plain-
tiff in the sum of $1,588. Defendants prayed
that judgment be entered against them in that
amount.

*There was evidence at the trial as follows:*

An agreement was signed by the parties
to renovate and rebuild a house for $13,000.
There was testimony that this was fair
value for the work to be performed. Plain-
tiff received $7,000 by check on account of

the work. Plaintiff allowed defendant a credit of $1,548.

The court disallowed plaintiff's claim for extras and found for plaintiff in the sum of $4,452. Thereafter the court allowed a motion of plaintiff to substitute the name of Albert E. Mezoff as assignee of plaintiff, Comeau Co. Builders, Inc.

The defendants made the following requests for rulings, which with the disposition thereof, were as follows:

1. The evidence warrants a finding for the defendants. *Allowed — "but on all the credible evidence I do not so find as a matter of fact".*

2. Upon all the evidence the defendants are entitled to a finding in their favor. *Denied — "but on all the credible evidence I do not so find as a matter of fact".*

3. A finding is not warranted that the plaintiff has substantially performed his contract. *Allowed — but on all the credible evidence I find as a fact that the plaintiff substantially performed his contract.*

4. If the plaintiff has not substantially performed his contract, he may not recover upon quantum meruit. *Allowed — see comments under No. 3.*

5. On the evidence most favorable to the plaintiff as a matter of law he is not

entitled to recover under quantum meruit. *Denied*.

6. Plaintiff may not recover for extras. *Allowed*.

Defendants claim to be aggrieved by the refusal of the court to grant their requests for rulings. The trial judge could have dismissed the report because of appellant's failure to spell out the requests for rulings. Since the report was not dismissed on that ground, we address ourselves to appellant's several contentions.

██ One of these contentions is that the contract was improperly executed since Comeau did not, after his signature followed by the title "President", give plaintiff's full corporate name. We do not think there is any merit in this contention. It seems to us plain that Comeau was signing on behalf of the Corporation whose full name was at the top of the one page instrument embodying the agreement.

██ Another of defendant's contentions is that no money was paid to plaintiff corporation. We have no information as to why the check for $7,000 was made out to Paradiso, nor do we know why Comeau endorsed the check personally. That matter is between him and the corporation. It is conceivable that the corporation was indebted to him and that this was in the nature of payment of that debt. The endorsement of the check by Comeau individually to some extent supports the argu-

ment that the real party in interest was not the corporation but rather the individual Comeau. We think that this inference is overborne by the whole picture in which the corporation appears to be the true party plaintiff.

■ Defendant's remaining contention is that plaintiff cannot recover because of failure to show substantial performance. The only evidence in the report of lack of performance on the part of plaintiff is the credit of $1,548 plaintiff allowed defendant. There is nothing in the report to explain this credit. There is no suggestion in defendant's answer that plaintiff failed to complete the contract. The only charge is negligence and unskillful performance. Various assertions in defendant's brief are not based on evidence in the report and have no place in the discussion. The important part of the courts' finding is that plaintiff substantially performed the contract.

■ We note an inconsistency in the trial court's disposition of defendant's third request for ruling which was as follows:

> "A finding is not warranted that the plaintiff has substantially performed the contract", on which the Court ruled: "Allowed, but on all the credible evidence I find as a fact that plaintiff substantially performed the contract."

The court, having found substantial performance, should have denied the request. If the

request had been: "A finding is warranted that plaintiff has not substantially performed the contract", the court might properly have ruled as it did. It would seem that having used the same language in disposing of two previous requests, the court inadvertently continued the same phraseology without realizing its inappropriateness. As a matter of fact, disposition of defendant's second request for ruling is somewhat disjointed by the interpolation of the word "but". The word "Denied" would have adequately stated the ruling. The word "but" is surplusage. Without it the rest of the ruling could be understood as merely explanatory. These are minor matters and do not nullify the court's intention to find for plaintiff on the basis of substantial performance, which seems clear from the ultimate finding and from the court's other ruling.

Plaintiff was entitled, under its declaration on an account annexed, to recover, provided it had performed substantially and in good faith. *Reynolds* v. *Cole*, 272 Mass. 282. *Grandchamp* v. *Costello*, 289 Mass. 506, G.L. c. 231, § 147, 1 e. Plaintiff is entitled to recover for fair value of his services if he proves fair value. This he has done. *Hurwitz* v. *Parkway Country Club, Inc.*, 343 Mass. 661, 665.

The court has found substantial performance

and there being no evidence of bad faith the order must be: **Report dismissed.**

ALBERT R. MEZOFF,
   for the Plaintiff.

JACK J. MOSS,
   for the Defendant.