*Southern District*

Nos. 24205/66 and 24406

**V & V CONSTRUCTION COMPANY, INC.**

v.

**JEROME G. McGONAGLE**

and

**JEROME G. McGONAGLE**

v.

**V & V CONSTRUCTION COMPANY, INC.**

Argued: Oct. 30, 1968 Decided: Dec. 27, 1968

122

*Present:* Nash, C. J., Cox, Owen J. J.

Case tried to *Horrock, J.,* in the First District Court of Barnstable Nos. 24205 and 24406.

*Cox, J.* These are two contract actions which were tried together.

In the first action the plaintiff seeks to recover a balance of $1,154.72 for completing a dwelling owned by the defendant in West Falmouth. The declaration is in three counts, all for the same cause of action. Count one is for

labor and materials. Count two is upon an account annexed. Count three is upon a *quantum meruit* for substantial performance. The answer is a general denial and payment. It also alleges that the plaintiff breached its agreement by failing to perform in a workmanlike manner, by performing carelessly and negligently and that the work was not completed by the plaintiff. There was a finding for the corporate plaintiff in the sum of $1,154.72 on all three counts. This case (No. 24205) is reported because the defendant claims to be aggrieved by the denial of his requested rulings numbers 3, 4, and 5 which, with the justice's action thereon, are as follows:

"3. The evidence *warrants* a finding that the plaintiff failed to substantially perform its contract with the defendant and is barred in its claim for *quantum meruit. Denied as I find that the Plaintiff did substantially perform his contract.*

"4. The evidence *warrants* a finding that the plaintiff willfully departed from the terms of the contract without justification or excuse in matters other than those falling within the rule of *de minimis* so as to be barred in its claim for *quantum meruit. Denied as I find that the plaintiff did not wilfully depart from the terms of the contract as claimed in this request.*

"5. The evidence *warrants* that the defendant was justified in his refusal to pay the Plaintiff's claim of $1,154.72 as alleged in the Plaintiff's declaration. Corbin on contracts, Vol. 3A, sec. 708, p. 322, 1960 West Publishing Edition. *Denied. There is no legal justification for the defendant's refusal to pay.*

In the second case, No. 24406, the plaintiff McGonagle claims damages for breach of contract. In that case there was a finding for the defendant corporation. That case is also reported because the plaintiff, McGonagle, claims to be aggrieved by the denial of his requested rulings numbers 3, 4, 5, 6, 7, 8, 12 and 13. Numbers 5 and 6 are waived.

The trial justice made special findings in both cases which may be summarized as follows: On July 14, 1965 the parties entered into an agreement whereby V & V Construction Company, Inc. was to complete McGonagle's unfinished house on Lot 16, Nemasket Road, West Falmouth, except masonry work, seeding and grading, for $12,800.00. The plaintiff did complete the house according to the contract and is entitled to the balance of $1,154.72. "I find (No. 24406) that the plaintiff (McGonagle) had certain trouble with the septic tank system which resulted in expense to him for repair and in loss of rentals. I find however that this trouble was not the fault of the

defendant or his agents but was due to the nature of the terrain and due in part to the negligence of the parties who were hired by the Plaintiff (McGonagle) to repair the same.

"I further find that certain defects to the premises which the plaintiff has listed are exaggerated and on all the evidence I find that the plaintiff's claim for defective workmanship is without merit.

The requests numbers 3, 4, 5 by the defendant McGonagle in case No. 24205, were for rulings that the evidence *warrants* findings that the plaintiff corporation failed to substantially perform its contract wilfully, and without justification or excuse, departed from the contract in matters not trivial, and that the defendant was therefore warranted in his refusal to pay the balance.

If there was evidence which would support such findings "the defendant was entitled to the rulings requested or to a statement by the judge of findings of fact sufficient to show that it (they) had become irrelevant." *Hurley* v. *Ornsteen,* 311 Mass. 477, 480. On that point the opinion cites *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Strong* v. *Haverhill Electric Co.,* 299 Mass. 455, 456. *Marquis* v. *Messier,* 303 Mass. 553, 555, 556.

The defendant McGonagle contends that there was evidence which would support as warranted the findings requested and therefore denial of the requests was error. He argues

particularly that it was error for the trial justice to excuse the plaintiff from performing the contract with reference to the septic tank because of "the nature of the terrain."

 The installation of the septic tank system was the corporation's obligation. The plaintiff corporation so regarded it because it in fact made the installation. Having undertaken to install the septic tank system the plaintiff is not excused from adequate performance because of the nature of the terrain. It bound itself to do the work. "If it turns out that he (it) has agreed to do something which is impossible or impracticable, he (it) cannot for that reason alone refuse to go forward. Having made his (its) contract, he (it) must fulfill it or bear the consequences of a breach." *N. J. Magnan Co.* v. *Fuller,* 222 Mass. 530, 533. See also *Rowe* v. *Peabody,* 207 Mass. 226, 234.

 There must be complete performance to permit recovery on a contract. However, "One who in good faith substantially performs his contract may recover on a *quantum meruit, Cutter* v. *Arlington Construction Co.,* 268 Mass. 88; *Reynolds* v. *Cole,* 272 Mass. 282, the sum recovered being the contract price, less 'the amount by which the value of the house as left by the ... (builder) fell short of what that value would have been if the contract had been exactly performed.' (cits.) What amounts to substantial performance of a building contract is to be determined in reference to the entire con-

tract and what has been done and omitted to be done under it, *Bowen* v. *Kimbell,* 203 Mass. 364, and to recover under a *quantum meruit* the owner must obtain substantially what was called for by the contract. *Lynch* v. *Culhane,* 237 Mass. 172. But where the default is wilful there can be no recovery either on the contract or on a *quantum meruit.* (cits.)'' The question is from *Glazer* v. *Schwartz,* 276 Mass. 54, 57. See also *Albre Marble & Tile Company, Inc.* v. *Goverman,* 353 Mass. 546, 550 and cases cited. *Biggs* v. *Densmore,* 323 Mass. 106, 108.

██ The proper installation of septic tank is an item of importance in connection with a dwelling. There was evidence that the tank leaked at the point where the pipe from the house was joined to it. There was evidence that the pipe leading from the tank to the filter field was improperly installed and consisted of inferior material; that the pipe was installed four inches under the surface of the driveway under which it passes and was broken; that the filter field seeped and blew out causing the septic material to drain back towards the back steps of the house; that the cost of repair was $866. and the loss of rentals. There was evidence that the man whom McGonagle hired to repair the septic tank had used a bulldozer in grading the land in the area of the septic tank and that the machine could have broken it, but in his opinion the pipe was too close to the sur-

face. The trial justice found that the trouble with the septic tank system was due in part to the negligence of the parties hired by McGonagle to repair it. But it could have been found on the evidence that the condition was due to faulty work and inferior materials aside from the finding that the nature of the terrain was at least in part responsible. It was, therefore, prejudicial error to have denied McGonagle's request number 5 in the first action that "The evidence *warrants* that the defendant was justified in his refusal to pay the plaintiff's claim of $1,154.72 as alleged in the plaintiff's declaration." The reason for denial that "There is no legal justification for the defendant's refusal to pay" is not such a "painstaking analysis of the facts" as to render the request inconsequential so far as the workmanship in the installation of septic tank system is concerned. *Brodeur* v. *Seymour,* 315 Mass. 527, 530. See also *Hurley* v. *Ornsteen,* 311 Mass. 477, 480. *Perry* v. *Hanover,* 314 Mass. 167, 173-176. *Hoffman* v. *Chelsea,* 315 Mass. 54, 57. *Liberatory* v. *Framingham,* 315 Mass. 538, 541-542. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.,* 332 Mass. 383, 388. *Catalucci* v. *Mass. Bay Transportation Authority,* 351 Mass. 360, 362.

Number 5 was also erroneously denied for the reason that the justice excused performance, at least partially, because of the nature of the terrain.

■ We cannot determine the extent of the error and what its effect may have been on requests numbers 3 and 4, on the ultimate finding, and indeed, on the ultimate finding in the second action. We can only hold that there was error and that it was prejudicial. *Catalucci* v. *Massachusetts Bay Transportation Authority,* 351 Mass. 360.

We now consider the rulings which McGonagle filed as plaintiff in the second action, which the justice denied.

Number 3 that ''The evidence *warrants* a finding that the V & V Construction Company, Inc., failed to perform the work it agreed to do for the Plaintiff in a reasonably diligent, skillful, workmanlike and adequate manner'' was denied with the comment, ''I find the work was performed in a reasonably diligent, skillful, workmanlike and adequate manner''. Number 4 that ''The evidence *warrants* a finding that the V & V Construction Company, Inc., breached its contract with the plaintiff because of the failure of the V & V Construction Company, Inc., to perform its work for the Plaintiff in a reasonably diligent, skillful, workmanlike, and adequate manner'' was denied on the ground that ''I find no breach by the defendant.'' As already pointed out we cannot say to what extent the error above referred to affects these two similar requests and must on that account sustain McGonagle's contention that their denial was prejudicial.

*Catalucci* v. *Massachusetts Bay Transportation Authority,* 351 Mass. 360.

Number 7 that "The evidence does not warrant a finding that the defendant substantially performed its contract with the Plaintiff was rightly denied as a question of fact was presented. *Atlantic Building Corp.* v. *Whyte,* 341 Mass. 234, 235 (footnote), 236.

Number 8 that "The Plaintiff is entitled to damages sufficient to put him in as good a position as if there had been no breach, and the contract had been completed in accord with the plans and specifications" was denied. The justice found "There has been no breach." If the question of damages is reached at the new trial, the request correctly states the law and should be given, as should number 12 that "The evidence *warrants* that the Plaintiff is entitled to recover diminution in market value of the house caused by defective work which cannot be economically corrected." *Concannon* v. *Galanti,* 348 Mass. 71. Similarly, if the question of damages is reached at the new trial, number 13 that "The evidence *warrants* that the plaintiff is entitled to compensation for delays caused by the defendant's workmanship and the fair rental value of the property could be considered in measuring damages" is correct and should be allowed. *Morgan National Woodworking Co., Inc.,* v. *Cline,* 324 Mass. 15, 17.

As there has been prejudicial error there must be a new trial of both actions.

JAMES H. SMITH of Falmouth
and RONALD J. LEDERMAN of Quincy for the
V & V Contruction Co., Inc.

CHRISTOPHER H. WORTHINGTON
of Boston for McGonagle