Calger **FIORINO**
v.
**WORCESTER POLYTECHNIC INSTITUTE**

No. 8635

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

March 3, 1981

Calger Fiorino, Pro Se, for the plaintiff.
Robert F. Dore, Jr. for the defendant.

Present: Cowdrey, P.J., Tiffany & Banks, JJ.

## OPINION

**COWDREY, P.J.** This is a petition to establish the plaintiff's draft report.

The petition, draft report and docket entries reveal the following: This action in tort was initiated by the plaintiff, pro se, on January 23, 1978. The defendant seasonably submitted requests for rulings at the appropriate stage of the trial proceedings on July 25, 1978, and the plaintiff orally objected to the defendant's requests. The report alleges that the plaintiff thereafter reduced said objections to writing and filed the same with the trial court on or about July 25, 1978. The docket contains no reference to such filing, however, and no copy of the plaintiff's objections is either attached to or included in the draft report now before us.

Written requests for rulings of law were mailed by the plaintiff on or about August 2, 1978 and received by the trial court on August 5, 1978. Under cover of a letter dated August 8, 1978, said requests were returned to the plaintiff as untimely filed within the meaning of Dist./Mun. Cts. R. Civ. P. 64(b).

Judgment was entered for the defendant on August 7, 1978.

The plaintiff was granted an extension of time for filing a draft report, and subsequently submitted a draft on August 28, 1978. On November 6, 1978 the plaintiff's draft report was disallowed by the trial justice as:

"not based on action taken on requests for rulings (none were filed by the plaintiff) nor on the admission or exclusion of evidence and this was not a case stated or a statement of agreed facts. **Mishara v. Halpern,** Mass. App. Div. Adv. Sh. (1977) 711."

The plaintiff thereafter filed a petition to establish his draft report on November 6, 1978. Said draft report challenges: (1) the trial court's exclusion of certain documentary evidence proffered by the plaintiff; (2) the court's disposition of the defendant's requested rulings and the plaintiff's objections thereto; and (3) the trial court clerk's refusal to docket the plaintiff's requests for rulings of law.

There was no error in the trial court's order of disallowance, as the plaintiff's draft report presents no question of law for review by this Division.

1. The plaintiff was not entitled to a report of the trial court's evidentiary rulings. Rule 64(a) of the Dist./Mun. Cts. R. Civ. P. mandates that:

"When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all evidence."

It is clear from the docket entries that the plaintiff neglected to submit a written request for a report within five days of the conclusion of the trial proceedings. Such neglect was fatal to this facet of the plaintiff's appeal, for a non-compliance with Rule 64(a) constitutes a waiver of any right to a review by this Division of the trial court's evidentiary rulings. **Davis v. Living Aluminum Corp.,** 35 Mass. App. Dec. 1 (1966); **Wolk v. Teich,** 23 Mass. App. Dec. 5 (1961). See also, **Cook v. Kozlow-** ski, 351 Mass. 697 (1967); **Walsh v. Block,** 50 Mass. App. Dec. 22, 23-24 (1972).

2. The deficiencies of the draft report advanced by the plaintiff also precludes our consideration of both the trial court's disposition of the defendant's requested rulings and the court's treatment of the plaintiff's purported requests for rulings of law. The plaintiff has, quite simply, failed to preserve these issues for appeal.

Rule 64(c)(2) of the Dist./Mun. Cts. R. Civ. P. states that a draft report shall include "the rulings upon which the party seeking the report . . . now asks for a review by the appellate division, . . . how he claims to be prejudiced by such rulings and any other facts essential to a full understanding of the questions reported." The plaintiff's draft report fails to set forth the very requested rulings that he considers central to this appeal. We cannot review what is not presented to us in a report, and we cannot establish a draft report that is an incomplete record of the trial court proceedings. Thus as the plaintiff's draft report excludes those matters necessary for a full and valid review by this Division, the plaintiff's petition to establish said report cannot be allowed. **Meyer v. Hooker,** 51 Mass. App. Dec. 142, 146-147 (1973); **Bynoe v. Massachusetts Port Authority,** 46 Mass. App. Dec. 191, (1971); **Pirolli v. Salvucci,** 30 Mass. App. Dec. 191, 193 (1966). It is significant in this regard that the plaintiff's draft report also omits the requisite statement that it "contains all of the evidence material to the question reported." Absent this explicit assurance of a draft report's content, a petition to establish such a draft report should be denied. **Comfort Air Systems v. Cacopardo,** 370 Mass. 255, 259 (1976); **Audivox v. Boyd,** Mass. App. Div. Adv. Sh. (1977) 740, 742.

3. The plaintiff would not, in any event, be entitled to a review by this Division of his purported requests for rulings of law even assuming **arguendo** that the draft report sub judice was complete. Rule 64(b) of the Dist./Mun. Cts. R. Civ. P. requires that "requests for rulings shall be in writing and be presented to the court before the

beginning of any closing arguments unless special leave is given to present requests late." The plaintiff's July 25, 1978 oral objections to the defendant's requested rulings of law cognizable under Rule 64(b) which calls for requests to be in writing.

Second, the plaintiff's alleged reduction of said oral objections to writing and his submission of the same to the trial court "on or about July 25, 1978" is not established by the docket in this case. The trial justice specifically ruled that no requests were filed by the plaintiff. We thus conclude that these alleged requests of July 25, 1978 were never actually presented to the trial court.

Finally, the plaintiff's August 5, 1978 submission of written requests in an action concluded on July 25, 1978 was clearly untimely. There is no suggestion herein that special leave was obtained by the plaintiff for a late filing. Requests for rulings which are not presented "before the beginning of any closing arguments" are properly disregarded by a trial court. See, **U.S. Fidelity & Guaranty Co. v. Sheehan,** 308 Mass. 321, 323 (1941); **Carlsberg Printers, Inc. v. Shields,** 56 Mass. App. Dec. 131, 132 (1975).

4. The plaintiff has failed not only to submit proper and seasonable requests for rulings of law but also to preserve his right to a review of the trial court's evidentiary rulings. The draft report prepared by the plaintiff contains no question of law for our consideration, and the instant petition to establish said draft report must be denied. **Piranian v. Allstate Ins. Co.,** Mass. App. Div. Adv. Sh. (1976) 38, 40; **Overstreet v. Chambers,** 56 Mass. App. Dec. 145, 147 (1975).

Petition denied.

Elliott T. Cowdrey, P.J.
Tiffany, J.
Banks, J.